## Case No. 9,880.

### MOTT v. MARIS.

[2 Wash. C. C. 196.] [1]

Circuit Court, D. Pennsylvania. April Term, 1808.

BANKRUPTCY—ACT 1799—PREFERENCES—BOND FOR DUTIES—PAYMENT BY SURETY.

1. The sixty-fifth section of the bankrupt law of the United States, passed the 2d of March, 1799 [1 Stat. 676], does not repeal the provisions of the law of the United States, which give to the surety who pays bonds for duties, a preference over other creditors.

2. The provisions of the bankrupt law except from its general operation, not only the preference of the United States, but also the right of preference for satisfaction of debts due to the United States.

Judgment was agreed to be entered in this case for the plaintiff, subject to the opinion of the court on the following point: Whether a surety on certain custom-house bonds, having discharged the same after the date of the commission of bankruptcy, some of which were due before, and some after the date of the commission; can recover the amount so paid in the present action, and is entitled to a preference over the general creditors, to be first paid out of the effects of the bankrupt [Maris] in the hands of the assignee.

WASHINGTON, Circuit Justice. The only question is, whether plaintiff is entitled, under the sixty-fifth section of the act of March 2d, 1799, to recover against the assignees, the full amount of what he has paid to the United States, as surety for the bankrupt, in the custom-house bonds mentioned in the case. The only difficulty is, whether this section of the law, so far as it respects the preference given to the surety, be or be not repealed, by the general terms of the bankrupt law. It is admitted, that it is not repealed in express terms, although it is certain that the general terms of the law make no discrimination in his favour; and, in some respects, there is an apparent inconsistency between the provisions of the first, and those of the second law, in relation to such preference. On the other hand, it may be said, that the first law went

1 [Originally published from the MSS. of Hon. Bushrod Washington. Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

very far to place the surety, who has discharged the debt, on the pre-eminent ground on which the United States stood, by authorizing him, instead of pursuing his common law remedy against the principal, to bring his action on the bond itself, though given to the United States; thus, in a measure, sheltering him under the high prerogative rights of the United States. It may be contended, that upon the principle admitted in courts of equity, the surety, if first resorted to, and obliged to pay may claim the advantage of all the securities which the creditor possessed against the principal, and which he might have enforced, had a recovery been had, in the first instance, against the principal; and that his situation ought not to be rendered worse, by the election made by the creditor, over whose conduct he had no control. It might further be said, that the sixty-second section of the bankrupt law, does not merely save from the general operations of that law, the preference due to the United States, but the right of preference to satisfaction of the debts due to the United States; that this was a debt due to the United States, entitled to certain privileges; and that, consequently, the bankrupt law never attached either to the right of the United States, or to the debt itself. We feel some doubt whether this be the correct construction of the law; but, as it has been adopted by the supreme court of this state, our respect for the talents of that court, and our wish that as little collision as possible, should take place between the decision of the federal and state tribunals upon the same questions, will induce us also to adopt the same construction. Judge PETERS entirely concurs in that opinion. Though, in the case referred to, the payments were made by the surety before the bankruptcy of his principal, still there is no difference between that and this case, if the right of preference of the surety remains unaffected by the bankrupt law. Judgment for the plaintiff for his full demand.