## Case No. 976.

### BARCLAY v. KENNEDY.

[3 Wash. C. C. 350.][1]

Circuit Court, D. Pennsylvania. April Term, 1818.

USURY—INTEREST ON RUNNING ACCOUNTS.

Where there have been running accounts between parties, and one party has been in the

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

habit of transmitting his accounts regularly to the other, striking a balance, and charging or giving credit for interest, as the balance might be, and no objections have been made to it; and [or] where this mode of stating accounts is shown to be the custom of trade; such manner of charging interest is legal, and will be supported. [Smith v. Shaw, Case No. 13,107, distinguished.]

[Applied in Denniston v. Imbrie, Case No. 3,-802. Cited in Bainbridge v. Wilcocks, Id. 755.] .

At law. This was an action to recover the balance of a stated account, sent by the plaintiffs, [Barclay & Co.,] merchants of London, to the defendants, [Kennedy & Co.,] of Philadelphia, in 1803. The plaintiffs and defendants had been for some years engaged in a commercial intercourse; the former purchasing and shipping goods, and making advances to the latter; and receiving from them, in return, remittances in various ways. The usage between these parties, was for the plaintiffs to state the accounts between them, generally, annually; sometimes, semi-annually, charging interest on the balance, on whichever side it might be, and adding it to the balance of principal, to bear interest from the day on which the account was so stated. These accounts, presenting a balance with the interest added to it, sometimes in favour of the defendants, and sometimes in favour of the plaintiffs, were regularly transmitted to the defendants, who never, until the trial of this cause, objected to the mode of adding the interest to the principal. The plaintiffs examined one witness, who deposed, that the uniform usage of the trade, between the merchants of London, and of this place, in transactions of this kind, was to transmit their accounts at the end of the year, and sometimes oftener; and to add the interest to the balance, as part of the principal on which aggregate interest is charged.

This mode of charging the interest, was objected to by Rawle and Dallas, for the defendants, who relied on the rule laid down by this court, in the case of Smith v. Shaw, [Case No. 13,107.]

Binney and Tilghman, for the plaintiffs, contended, that the above case did not apply to one where a different mode of charging the interest was agreed upon between the parties, or was affected by the usage of the trade, which was tantamount to an agreement. That compound interest was not forbidden by the statute of usury; and, if agreed to by the parties, could not be impeached upon the ground of contract. That the transmission of accounts, by the plaintiffs to the defendants, at regular periods, with the interest added to the balance,—retained by the defendants, without objection,—was evidence of an agreement to make the interest principal; and that the usage, independent of such implied agreement, was tantamount to it. They cited 2 Ves. Jr. 15; 9 Ves. 223.

WASHINGTON, Circuit Justice, charged the jury. In the case of Smith v. Shaw, [Case No. 13,107,] this court decided, that the proper mode of charging interest, was to deduct the payments from the interest, and if any surplus remained, to apply it to diminish so much of the principal. This decision was grounded upon two well established principles of law; 1st. That interest is incapable of producing interest, inasmuch as it forms no part of the debt; and is a mere compensation for the detention of the debt, or principal sum, and is recoverable as damages, the rate of which is ascertained by the laws against usury; 2d. That where the creditor has different demands against his debtor, and a partial payment is made, if the latter does not make the application to the one or the other, the former may make it; and, as the interest does not, and cannot, upon general principles, carry interest, he will of course, and may, lawfully, apply the payment to the discharge of the interest.

But although interest cannot, as such, bear interest, there can be no doubt but that the creditor and debtor may agree to give it that capacity, either at the time the contract is made, or after it has become due. Whenever the creditor has a right to demand it, he may waive that right, and lend it to the debtor, as so much money due; and thus change its nature, by contract, into debt. In running accounts, the parties may agree, at stated periods, to settle their accounts, strike the balance, and convert the interest into principal. The general principle of law before mentioned, does not forbid such an agreement, nor is it opposed to the provisions of the statute of usury. In such a case, the credit expires, and the principal debt becomes due at the time the account is settled; and the creditor, or the party in whose favour the balance is, has a right to stipulate for a prolongation of the credit, upon the condition of making the interest principal, instead of insisting upon a payment of the whole. If such an arrangement may legally be made by an express agreement, it may be done by an implied one; and accounts, regularly stated and balanced, and the interest added to the balance, received by the debtor, and acquiesced in without objection, may fairly be considered by the jury, as evidence of such agreement. In like manner, a well established usage of trade, sanctioning such a mode of stating the account, may have the effect of an agreement. But, in such a case, the usage should be fully proved, and should appear to be sufficiently ancient and uniform, to leave no doubt of its being known by all persons concerned in that particular trade. Nevertheless, if this question rested upon the testimony of the single witness, who was examined in the cause, respectable as he is, we should not think it sufficient to establish such a usage; and we are, therefore, of opinion, that the only ground for admitting this contested

charge, is the implied agreement between the parties: should the jury be satisfied that the accounts, adding the interest to the balance of principal and interest, were regularly transmitted to the defendants, and were acquiesced in by them.