*Fairfield,*
June, 1845.

Fleet
*v.*
Lockwood.

---

17  243
d70  11
L70  12

## Rose *against* The City of Bridgeport.

A contract for the payment of compound interest, made before the interest sought to be compounded has accrued, is, to that extent, void, and will not, unless in special cases, be enforced, either in law or equity.

Where a coupon, acknowledging that a certain sum, being half a year's interest on a certain bond, would be due to the bearer, on a certain day, was issued; and a suit was brought, by the holder, to recover the sum specified in such coupon, with interest after it became due; it was held, 1. that the only obligation to pay either principal or interest, arose from the bond; 2. that the action brought was essentially an action on the bond; 3. that the plaintiff was not entitled to recover interest on the sum specified in the coupon after it became due.

THIS was an action brought to recover from the defendants the amount claimed by the plaintiff to be due to him on three

*Fairfield,*
June, 1845.

Rose
*v.*
The City of
Bridgeport.

coupons, one of which was of the following tenor: "The Mayor, Aldermen, Common Council and Freemen of the City of *Bridgeport*, hereby acknowledge, that there will be due to bearer thirty dollars, being half a year's interest, payable on the 15th day of *December*, 1842, on bond No. 53. of the six *per cent.* loan of said city, issued on the 15th day of *June*, 1838. *Henry Dutton*, Agent." Each of the others was of the same tenor, except that the numbers of the bonds to which they respectively referred, were 52 and 71. The proceedings in which these bonds and coupons originated, the manner in which they were executed and issued, and all the principal facts in the present case, appear in the report of the case of *The City of Bridgeport* v. *The Housatonuc Rail-Road Company*, 15 *Conn. R.* 476 to 488. Before the 1st of *January*, 1840, the plaintiff, by a legal transfer, and for a full, valuable consideration, became, and is still the owner and bearer of said three bonds and coupons. On the 15th of *December*, 1842, when the coupons became payable, he presented them to the defendants for payment, and demanded payment thereof. On the 20th of *January*, 1845, just before the commencement of the present action, he presented them again to the defendants, and demanded payment of the sums expressed therein, with interest thereon from the time when they respectively fell due. The defendants offered to pay him, and tendered to him, thirty dollars on each of the coupons, being the sum expressed therein, but expressly refused, and have at all times refused, to pay any interest on said sums, or either of them. The plaintiff now claims, that he is entitled to recover said sums and interest thereon, from the time they fell due.

The case was reserved for the advice of this court on the question of interest on the coupons.

*Hawley*, for the plaintiff, contended, 1. That the contract in this case is one, which, if its form and frame only be regarded, will draw interest. *Selleck* v. *French*, 1 *Conn. R.* 32, 3. *rule* 3.

2. That the plaintiff is not precluded from recovering the interest demanded, by reason of its being within the rule disallowing compound interest. It is to be observed, in the first place, that the plaintiff does not sue for compound interest;

he does not sue on a contract to pay compound interest; but he sues for a certain sum due by contract, and asks the allowance in damages, which the law ordinarily makes on contracts so framed.

Secondly, the rule disallowing compound interest, does not rest on the ground, that compound interest is *illegal* or *inequitable;* for it is considered both legal and equitable. See the remarks of *Huntington,* J., in *Camp* v. *Bates,* 11 *Conn. R.* 497, 8. 507. The rule, where it is adopted, is a rule of *policy,* intended to make the creditor vigilant, and save the debtor from the consequences of his own remissness and breach of contract.

Thirdly, the extent to which the decisions regarding compound interest, have gone, is, to *refuse to enforce* contracts to pay compound interest accruing on those contracts *in future.* And the rule even to this extent, has never yet been formally announced in this state; this court, in *Camp* v. *Bates,* 11 *Conn. R.* 488. only deciding, that compound interest was not usury.

Fourthly, there are many cases in which compound interest, as such, is allowed, and by virtue of contracts, express or implied, to pay it, as such, and as it shall accrue in future. *Ord on Usury,* 36. *(Day's* ed.) *Morgan* v. *Mather,* 2 *Ves.* jun. 15. *Newell* v. *Jones,* 4 *Car. & P.* 124. (19 *E. C. L.* 304.) *Bruce* v. *Hunter,* 3 *Campb.* 467. *Chitt. Contr.* 647, 8.

Fifthly, if the disallowance of interest be urged on the ground of the consideration of the coupon, it would, for the same reason, be disallowed on a note given for interest after it had accrued; but in such case, it is always recoverable.

Sixthly, the cause of action in this case is a contract, distinct and separate from the bond, and so intended to be. It has, of course, all the *incidents* of a contract so framed; and as such, it is to be construed and enforced. It is in form *negotiable,* and was so intended to be, *separate from the bond.* It gives a right of action to any one who advances his money on it, or rightfully becomes the owner thereof. In pursuance of the power granted to the defendants, at their own solicitation, they have devised this form of scrip, and have borrowed money on it. The form of the contract aided them essentially in obtaining the money; and now, to refuse to the holder that interest, which the frame of the contract justified him in

HARVARD LAW LIBRARY

*Fairfield,*
June, 1845.

Rose
*v.*
The City of
Bridgeport.

expecting, would be a violation equally of the spirit of the act of the General Assembly and of the faith pledged by the defendants to the public.

Finally, the precise point now in controversy was decided, by the circuit court of the *United States* for the district of *Michigan*, held by *McLean*, J., in *October*, 1843. The city of *Detroit* had issued sundry bonds, bearing six *per cent.* interest, with coupons, payable to the bearer, for one year's interest, annexed thereto; for the punctual payment of which the faith of the city was pledged. *Robert Hollingsworth*, being the owner and bearer of one of these coupons, brought his action thereon against the city; and the only question was, whether the defendants were legally bound to pay interest on the coupons, after they became due. Judge *McLean* decided, that they were. He reserved the question, however, for the purpose of taking the advice of the judges of the supreme court. They, it is understood, unanimously concurred with him in opinion; and at the term of the circuit court in *June*, 1844, judgment was rendered accordingly. (*a*)

*Dutton* and *Loomis*, for the defendants, insisted, 1. That the cause of action was, essentially, the *bond*. This secured the debt. The coupon is *incidental* to the bond. It is merely a contrivance, suggested by convenience, for more easily discharging the obligation of the principal security. Take away the obligation of the bond, and what is the coupon good for? It is merely a certificate, that so much will be due, at the time specified, for interest on the bond. The form of the certificate—its being *cut off* from the bond, and therefore called a *coupon*—does not make it an independent contract.

2. That, with the exception of a few special cases having no resemblance to this, compound interest cannot be recovered in law or equity, unless the party to be charged with it has made an express agreement to pay it, *after it has accrued. Chitt. Contr.* 644. and cases cited. *Waring* v. *Cunliffe*, 1 *Ves.* jun. 99. *Mowry* v. *Bishop*, 5 *Paige*, 98, 102. *Kennon* v. *Dickens, Cam. & Nor.* 357. 361. *The State of Connecticut* v. *Jackson*, 1 *Johns. Ch. R.* 13. *Schieffelin* v.

(*a*) This statement was supported, by the deposition of *John S. Abbott*, Esq., one of the counsel in the case referred to, and by a letter from *A. S. Porter*, Esq. of *Detroit.*

*Stewart, Id.* 620.  *Van Benschooten* v. *Lawson,* 6 *Johns. Ch. R.* 313.  *Hastings* v. *Wiswall,* 8 *Mass. R.* 455.  *Wilcox* v. *Howland,* 23 *Pick.* 167.  *Camp* v. *Bates,* 11 *Conn. R.* 498.

CHURCH, J.  The subject of compound interest has been so recently and so fully discussed in this court, in the case of *Camp* v. *Bates,* 11 *Conn. R.* 487., that the particular views there expressed need not be here repeated.  That a contract for the payment of compound interest, made before interest has accrued, is, to that extent, void, and will not, unless in special cases, be enforced, either in law or equity, may now be considered as the law of this state.  And the special cases referred to are well enumerated, in the opinion there given.  But unless in such special cases, the law will never imply an obligation to pay such interest.  To stipulate for the payment of compound interest *a priori,* although sometimes regarded as tending to usury, has never been holden to be really usurious.  Such a stipulation may perhaps be considered as somewhat inconsistent with the phraseology of our statute, which prohibits the taking of more than six *per cent. per annum, directly or indirectly ;* and the *English* statute of *Henry* 8., is of the same import.  It is equally well understood, as we suppose, that a promise to pay interest upon arrears of interest due, being founded upon a moral consideration, is good.  *Eaton* & al. v. *Bell* & al. 5 *B. & Ald.* 34. (7 *E. C. L.* 13.) *State of Connecticut* v. *Jackson,* 1 *Johns. Ch. R.* 13.  *Schieffelin* v. *Stewart, Id.* 620.  *Van Benschooten* v. *Lawson,* 6 *Johns. Ch. R.* 313.  *Mowry* v. *Bishop,* 5 *Paige,* 98.  *Ord on Usury,* 37.  Lord *Ossulston* v. *Yarmouth,* 2 *Salk.* 449. *Hastings* v. *Wiswall,* 8 *Mass. R.* 455.  *Barclay & Co.* v. *Kennedy & Co.* 3 *Wash. C. C. Rep.* 350.  *Denniston* v. *Imbrie, Id.* 396.  *Smith* v. *Shaw's* adm'x.  2 *Wash. C. C. Rep.* 196.  *Bainbridge* v. *Wilcocks,* 1 *Bald. C. C. Rep.* 536. 540.  *Forbes* & al. v. *Canfield,* 3 *Hamm. R.* 17.  *Wilcox* v. *Howland,* 23 *Pick.* 167.

If, therefore, the plaintiff had instituted an action upon the bond to which the coupon in question was attached, for the recovery of the semi-annual interest, which had become due, he could not have recovered any interest upon such interest. This action is essentially of that character.  It is not founded upon any contract expressed in or implied from the coupon

itself; but upon one arising out of the terms of the bond, stipulating the payment of semi-annual interest upon the bond. The coupon contains no contract at all independent of the bond itself. It is a mere certificate or acknowledgment, by the city, that a half year's interest will become due *on the bond*, at the times therein specified. The bond refers to the coupons, and the coupons to the bond, not as separate obligations, but as parts of one contract. The only obligation to pay either principal or interest, arises from the bond. Suppose the bond in this case had fallen due, and none of the interest instalments had been paid; would not the entire amount, both of principal and interest, be recoverable, by an action on the bond? Could it be claimed, in such case, that after this, a suit could be sustained upon these coupons as upon distinct contracts? And yet if they are separate and independent contracts, bearing interest in the hands of third persons, we see not how a judgment upon the bond covering the whole interest, could bar a recovery upon them.

It is indeed true, that the interest, by the tenor of the coupons, is payable to *bearer;* but this arrangement is only one of convenience, to prevent the necessity of the frequent presentation of the bond at the place of payment, and the multiplied indorsements of interest upon it. A new species of negotiable paper is not thus created. The coupon, in this form, operates only as an order or letter from the obligee, requesting the interest upon the bond to be paid to another.

We have been informed of a recent case in the circuit court of the *United States* for the district of *Michigan*, which arose upon a bond and coupon issued by the city of *Detroit*, bearing an interest of six *per cent.*, in which it is said, that a different opinion from the one we express, has been advanced. We regret, that we have not been able to see and examine that case, and the reasons which governed its decision. In some of our sister states, interest upon interest has been considered as recoverable. It may be so in *Michigan*. Indeed, it would not be strange, under the modern notions which prevail on the subject of regulating interest by law, and under the influences produced by a different moral sense regarding the propriety of demanding interest, from that heretofore prevailing, that different views on this subject should be enter-

tained, as well by courts as individuals, from such as have before governed legal decisions.

*Fairfield,*
June, 1845.

Rose
*v.*
The City of
Bridgeport.

We place our decision upon what we suppose to be the law of our own state regarding the reservation and recovery of compound interest, derived, as we believe, from the authority of the *English* courts, irrespective of the opinions which the courts of other states have expressed on the same subject.

We shall therefore advise, that no interest be allowed upon these coupons.

In this opinion the other Judges concurred.

Judgment for defendants.