CHARLES L. VON HEMERT *vs.* JOHN PORTER.

The exception, in the statute of limitations, (Rev. Sts. c. 120, § 6,) of persons "absent from the United States," extends to foreigners who never were within the United States.

The provision in Rev. Sts. c. 120, § 7, that all personal actions on any contract, not limited by the preceding sections in that chapter, nor by any other law of the Commonwealth, shall be brought within twenty years after the accruing of the cause of action, applies to actions on contracts between a foreigner and one of our own citizens, made in a foreign country, and to be performed there, unless the foreigner, by coming into the Commonwealth within twenty years, brings himself within the provisions of § 6 of the same chapter.

A promise in writing, signed by the party chargeable thereby, according to the provision of Rev. Sts. c. 120, § 13, prevents the barring of actions that are limited to twenty years by § 7, as well as actions of assumpsit, or upon the case, that are limited to six years by § 1; and therefore such promise, made by a debtor domiciled here, to pay a debt contracted and to be paid in a foreign country, to a foreign creditor, who never was within the United States, enables the creditor to

maintain an action against the debtor, if brought within twenty years after the promise.

Although it is a legal usage of merchants to cast interest on the items of their mutual accounts, and strike a balance at the end of a year, and make that balance the first item of principal for the ensuing year, yet neither the usage nor the law allows this to be done, except under a specific agreement, after the mutual dealings of the parties have ceased.

Interest is to be computed at the rate established by the law of the place where the debt of which it is an incident is contracted and is to be paid.

THIS was an action of assumpsit, commenced on the 22d of October 1844, and the case was submitted to the court on the agreed statement which follows :

" This action is brought by the surviving partner of a mercantile firm or house in Amsterdam, in the kingdom of Holland, to recover the sum of two thousand guilders due from the defendant to said house in March 1820, and also one hundred and thirty seven guilders, due to the plaintiff 's house, as the balance of an adventure shipped on account of the defendant's wife, with his consent, on the 31st of January 1821.

" The plaintiff 's firm have, from time to time, rendered accounts of these items, stating the account annually, according to the custom of merchants in Amsterdam, and claim a balance, as due at the date of the writ, of $2836·64, computing interest at five per cent., which is the legal rate of interest in Holland, from February 28th 1820, and January 31st 1821, and making annual rests.

" The defendant has addressed several letters to the plaintiff 's house, in relation to this demand, some of which bear date, respectively, as follows :   February 28th 1820, May 16th 1821, July 24th 1825; which are to form part of this case.   The plaintiff and his counsel have, from time to time, written letters to the defendant, since July 1825, to the date of the writ ; but no replies have been returned.

" The plaintiff and his deceased partners were ever subjects of the king of Holland, and neither of them has been within either of the United States, since the commencement of the dealings which cause this suit.

" The defendant admits that the plaintiff 's account is correctly stated, and that the items comprised in it are correct ;

and that, at some period of time since February 28th 1820, and before the commencement of this action, he has been of sufficient pecuniary ability to pay the balance due to the plaintiff; but he denies his indebtedness, on the ground that the debt is barred by the statute of limitations; and alleges, if it is not so barred, that the mode of computing interest adopted by the plaintiff is not conformable to law and the rights of the party defendant, and that the plaintiff is not entitled to interest on this account.

"The parties agree that the court may draw any conclusions respecting the assent of the defendant to the plaintiff's charge of interest, calculated with annual rests, which are warranted by the preceding agreement."

The contents of the three letters of the defendant, which were made part of the case, so far as they affect the questions submitted to the court, were as follows:

"Newburyport, 28th February 1820. Dear Sirs: I expressed surprise at the additional charge of 2000, but I did not mean to convey the smallest insinuation that I doubted your correctness, and I have no hesitation in again acknowledging myself your debtor in the above named sum of 2000. I am obliged renewedly to ask your indulgence, and to again inform you that my situation is such as to preclude the possibility of remitting you the amount at this time, or of making any arrangement for you to receive it here. I am still poor; but of this you may rest assured, that the moment I find myself in a situation to discharge your just and honorable debt, it will be done with as much pleasure as I ever performed any act of my life."

"Newburyport, May 16th 1821. Gentlemen: Your kind favor of 8th September last was duly received, and my only excuse for not answering it is the mortification I felt in not being able to liquidate your demand on me. I am sorry, truly sorry, that I am obliged again to repeat that I am still very poor. I now further inform you that I have again been honored by the receipt of yours of 10 March last, enclosing a price current and my account with you, which last I have

examined and find correct, and acknowledge a balance due you of 2194·5. I thank you for the polite and generous manner in which you have offered me a further indulgence, and positively assure you I will remit you the full amount of the debt, the moment I have it in my power."

"Newburyport, 24th July 1825. Gentlemen : I now have the pleasure of acknowledging your favor of 3d ult. I exceedingly regret that I am not in a situation to give you a more favorable answer, and that I am still obliged to request your indulgence. I can now only repeat the assurance, that the moment I am able, I will promptly remit you the amount I owe you, accompanied by my thanks for your indulgence."

To all these letters the defendant signed his name.

*W. Sohier*, for the plaintiff. The action is not barred by the statute of limitations; (Rev. Sts. *c.* 120 ;) neither the plaintiff nor either of his partners ever having been within the United States. *Strithorst* v. *Græme*, 3 Wils. 145, and 2 W. Bl. 723. *Williams* v. *Jones*, 13 East, 439. *Hall* v. *Little*, 14 Mass. 203. *Wilson* v. *Appleton*, 17 Mass. 180. *Chomqua* v. *Mason*, 1 Gallis. 342.

The plaintiff is not barred by § 7 of *c.* 120, limiting the action to twenty years, because the action, if barred at all by that chapter, was barred by § 1, limiting all actions of assumpsit or upon the case, to six years. But § 7 does not apply to the plaintiff, because he is protected by § 6, while he is "absent from the United States."

The defendant's promise, made in writing, as required by § 13 of *c.* 120, authorizes a suit, under § 7, at any time within twenty years thereafter, on the same principle that a new oral promise formerly warranted a suit within the time limited by the statute for a suit on the original contract. The cause of action, in such cases, accrues at the time of the new promise.

The plaintiff's mode of computing interest is conformable to the custom of merchants in Amsterdam, and the defendant, as appears by his letter of May 16th 1821, knew this mode of computation; and as he never objected to it, he must

be considered as having assented to it. On this ground, he is bound to pay the interest thus computed. *Bruce* v. *Hunter*, 3 Campb. 467. This question of interest is to be decided according to the law of Holland. *Bank of U. States* v. *Donnally*, 8 Pet. 361. *Andrews* v. *Pond*, 13 Pet. 65. *Coolidge* v. *Poor*, 15 Mass. 427. *Cowqua* v. *Landerbrun*, 1 Wash. C. C. 521. *Thompson* v. *Powles*, 2 Simons, 194. *Goodenow* v. *Tyler*, 7 Mass. 38, 40. But if it were to be decided by the American and English law, the plaintiff would be entitled to recover according to his statement of the account. *Barclay* v. *Kennedy*, 3 Wash. C. C. 350. *Eaton* v. *Bell*, 5 Barn. & Ald. 34. *Fergusson* v. *Fyffe*, 8 Clark & Fin. 121. *Caliot* v. *Walker*, 2 Anst. 495.

*Lunt*, for the defendant. This action, even if not barred by § 1 of *c.* 120, is barred by § 7, as it was not commenced within twenty years after the cause thereof accrued. There is also a presumption of law, after the lapse of twenty years, that a debt, even by specialty or record, is paid. 2 Stark. Ev. 310. 3 *ib.* 1090. Chit. Con. (5th Amer. ed.) 749. Blanshard on Lim. 92, 93. *Cope* v. *Humphreys*, 14 S. & R. 15. But the action is barred by § 1, and therefore is not saved by § 6 which applies to persons "absent from the United States." The cases cited for the plaintiff from 1 Wils. & 14 Mass. were decided on *St.* Jac. 1, *c.* 16, and *St.* 1786, *c.* 52, in which an exception was made in favor of persons "beyond sea." Those statutes would have included the present case ; but the change of phraseology in Rev. Sts. *c.* 120, from "beyond sea" to "absent from the United States," does not aptly describe foreigners who never were within this country.

The defendant's admission, in his letter of July 1825, is not sufficient to take the case out of the statute. There is no description of the debt which he promised to pay. It may have been a debt contracted between May 1821, and the date of that letter.

The plaintiff is not entitled to any interest; the defendant having made no contract to pay it. 2 Stark. Ev. 788. Chit. Con. (5th Amer. ed.) 544, 645 *Dawes* v. *Winship*, 5 Pick.

97, *note.* *Dodge* v. *Perkins,* 9 Pick. 368. *Hunt* v. *Nevers,* 15 Pick. 500. But if an implied contract to pay interest could be raised from the custom of merchants in Amsterdam to charge it, yet compound interest is not recoverable, except on an express contract, made after it has accumulated. *Wilcox* v. *Howland,* 23 Pick. 169. *Ex parte Bevan,* 9 Ves. 223. *Childers* v. *Deane,* 4 Rand. 406. *Pindall* v. *Bank of Marietta,* 10 Leigh, 481. *Wheelock* v. *Moulton,* 13 Verm. 430. *Denniston* v. *Imbrie,* 3 Wash. C. C. 396.

HUBBARD, J. The plaintiff's action, it is aleged, is one of the class enumerated in the statute of limitations, (Rev. Sts. *c.* 120, § 1,) which " shall be commenced within six years next after the cause of action shall accrue, and not afterwards ; " and the defendant relies on the statute as a bar to the demand. The plaintiff in reply says, if his action is embraced by the statute, it is within the saving clause of § 6, which is this : " If any person, entitled to bring any of the actions before mentioned in this chapter, shall, at the time when the cause of action accrues, be absent from the United States, such person may bring the said actions within the times in this chapter respectively limited, after the disability shall be removed."

Neither the plaintiff nor either of his deceased partners was ever within the United States, and they are therefore within the exception of § 6, unless the action is one of those to which § 7 particularly applies.

The question, as to the application of § 6 to foreigners, was discussed and settled while the *St.* of 1786, *c.* 52, was in force, and from which the revised statutes do not substantially vary. In the case of *Hall* v. *Little,* 14 Mass. 203, it was decided that foreigners, who have never been within the United States, were within the exception of the statute ; which decision was founded on a like construction given to the English statute, in the case of *Strithorst* v. *Græme,* 3 Wils. 145, in which the court say, " if the plaintiff is a foreigner and doth not come to England in fifty years, he still hath six years after his coming to England to bring his

action; and if he never comes to England himself, he has always a right of action while he lives abroad, and so have his executors and administrators after his death." See also *Le Veux* v. *Berkeley*, 5 Adolph. & Ellis N. R. 836. *Williams* v. *Jones*, 13 East, 439. *Wilson* v. *Appleton*, 17 Mass. 180.

These authorities are decisive in favor of the plaintiff, unless, as before observed, the action is subject to the operation of § 7, which provides that "all personal actions on any contract, not limited by the foregoing sections, or by any other law of this Commonwealth, shall be brought within twenty years after the accruing of the cause of action." The defendant relies on this section as barring the plaintiff's suit; it not having been brought within twenty years after the cause of action accrued. In answer to this objection, it is contended that the plaintiff's suit is an action on the case, and *is* therefore limited in one of the foregoing sections, and consequently is not within the purview of § 7, which was intended to apply only to contracts not before enumerated; or, if applicable to actions on the case, yet that it will not affect the plaintiff's rights, while he remains out of the Commonwealth, as being under one of the disabilities protected by § 6. This seventh section is not a revision of the former statute, nor was it proposed by the commissioners, or the legislative committee to whom the commissioners' draft was referred, but was introduced by the legislature which adopted the revision; and it was evidently intended to create a statute bar of twenty years to those actions of debt and covenant upon sealed instruments, and debt upon judgments of courts of record, where payment was presumed, at common law, after a lapse of twenty years, if no intermediate payment or acknowledgment of the debt was proved. And we think it was also designed to embrace those causes of action founded upon contracts originating abroad, between foreigners and our citizens, and which by their terms were to be performed in the country where contracted, when the foreigner never comes into the State, as being cases not contemplated and

embraced or affected by the other provisions of the statute, nor limited by the provisions of the sixth section ; and that, as to such contracts, if attempted to be enforced in the courts of the Commonwealth, they are to be commenced within twenty years after the cause of action accrued ; unless, within that time, the foreigner shall bring himself within the provisions of § 6, by coming into the Commonwealth.

To meet the objection, arising upon § 7, to the plaintiff's right of recovery after the lapse of twenty years, the plaintiff relies upon the defendant's letter of July 1825, as reviving the promise ; the action being brought within twenty years from the date of it. The defendant, in reply, says that the letter is expressed in vague terms ; that it is no acknowledgment of any specific debt, and for aught that appears might apply to some intermediate transaction of business between 1821 and 1825, which may be supposed to have taken place. But we are of opinion that it is an acknowledgment and promise in writing, by the defendant, to pay the plaintiff's demand ; and that, coupled with his preceding letter of May 16th 1821, which is a part of the evidence in the case, it is clearly applicable to the account of the firm with the defendant alone, and which is now sued in the present action. If there were any other account of the plaintiff, to which it applied, the defendant could show it.

A question then arises, whether the provision of § 13 of *c.* 120, by which actions are withdrawn from the operation of the bar, by an acknowledgment or promise in writing, signed by the party chargeable, applies as well to the actions embraced in § 7 as to those enumerated in § 1. And we are of opinion that it does so apply. The language of the bar in § 7 is no stronger than that in § 1. The language of § 1 is, " the following actions shall be commenced within six years next after the cause of action shall accrue, and not afterwards." The language of § 7 is, " all personal actions on any contract not limited by the foregoing sections, or by any other law of this Commonwealth, shall be brought within twenty years after the accruing of the cause of action."

Though the phraseology is a little different, we think the meaning is the same in respect to the effect and operation of the respective bars.

In looking at § 13, it will be found not to be limited to the actions enumerated in § 1. It applies to all actions founded upon any contract within the provisions *of the chapter*, and is therefore applicable to § 7, as well as to § 1. And as § 7 embraces contracts under seal, which § 1 does not, it is to be noticed that the word "simple," which qualified the word "contract" in the commissioners' draft of the section, is designedly left out by the legislature, for the very purpose, we conclude, of embracing all actions founded upon contract, whether simple or by specialty, and within the purview of the first and seventh sections of the chapter.

The plaintiff, therefore, substantiating a new promise of the defendant, within the terms of § 13, and having commenced his action within twenty years from the time of making it, is entitled to maintain it on the account kept by the plaintiff with the defendant separately. But as to the small account in which the defendant's wife was also a party, there are no words, in either of the defendant's letters, which embrace or allude to it. It is therefore barred, not having been sued within twenty years after the accruing of the cause of action.

The plaintiff claims to make annual rests in his account, or, in other words, to charge the defendant with compound interest; on the ground that it has been agreed to by the defendant, or that it is fairly chargeable according to the custom of merchants. As a common principle, interest is not to be compounded, because it is not a part of the debt, but the compensation allowed in damages for the detention of it. The payment of compound interest is never sanctioned, except by agreement of the parties; and it has been held, both in law and equity, that it cannot be lawfully demanded, except upon agreement made after the lawful interest has become due. *Dawes* v. *Pinner,* 2 Campb. 486, *note. Moore* v *Voughton,* 1 Stark. R. 487. *Connecticut* v. *Jackson,*

1 Johns. Ch. 13. *Van Benschooten* v. *Lawson*, 6 Johns. Ch. 313. *Ex parte Bevan*, 9 Ves. 223. *Lord Clancarty* v. *Latouche*, 1 Ball & Beat. 429, 430.

As between merchants, upon their mutual accounts, it is the usage of trade to cast interest upon the several items, and to strike a balance, at the end of the year, of the items of principal and those of interest, and to carry the footing of the two to a new account, as forming the first item of principal for the ensuing year. In this manner, yearly rests have for a long time been made and acquiesced in by the mercantile world. *Stoughton* v. *Lynch*, 2 Johns. Ch. 214. *Barclay* v. *Kennedy*, 3 Wash. C. C. 350. But it is not the usage of trade, after all dealings have ceased between the parties, to leave accounts standing for upwards of twenty years, compounding the interest yearly, and then claiming, as matter of right, such accumulated balances. And though such neglect to demand payment by suit may be reasonably ascribed, in this instance, to forbearance towards the defendant, yet it furnishes no rule of law upon which to predicate a right to claim compound interest, without proof of a specific agreement to pay it. The law, as well between merchants as other classes of the community, is this ; that after the mutual trade and dealings have ceased, the right to make annual rests ceases, and the creditor is entitled to simple interest on the balance of his account, in the absence of any specific agreement to allow compound interest ; the right to make the annual rests growing out of the mutuality of the debts and credits, and the allowing of interest on each side. See *Denniston* v. *Imbrie*, 3 Wash. C. C. 402.

In the present instance, all trading between the parties ceased more than twenty five years since ; and, on examining the letters which make part of the case, we find no agreement by the defendant to allow compound interest, as claimed by the plaintiff. And there had been no such prior dealings between the parties from which such an agreement might be reasonably inferred.

The sum acknowledged to be due, in the letter of May

16th 1821, is 2194 guilders; and upon that sum. interest is to be allowed.

As to the rate of interest to be cast, the law is well settled, that the interest of the state or nation where the contract is made, and is to be performed, is the interest to be allowed; and in this case, that rate is five per cent.

*Judgment for the plaintiff.*