MARY E. LEWIN *vs.* IDA O. FOLSOM.

Norfolk. March 22, 23, 1898. — May 19, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Mortgage — Future Advances — Interest.*

</div>

A mortgage was given upon a building partially erected, and the mortgagee advanced at the time of taking the mortgage a part only of the consideration named in the mortgage. The mortgagor agreed to complete the building before a certain date; and it was further agreed between the parties that if the work on the building should not be completed by the time agreed, the mortgagee might take charge of and complete the work, and that all sums so expended should be considered a part of the balance to be advanced on account of the mortgage. The mortgagee agreed to pay the balance of the loan thirty-five days after the completion of the building, provided there were no liens, etc.;

and the mortgagor by his own fault did not complete the building within the required time, and the mortgagee did not take charge of or complete the work, and was not asked to, and did not offer to advance the balance of the mortgage, though he was always ready and able to advance the balance upon the completion of the building according to the agreement. *Held*, that the mortgagee was not entitled to interest on the money not advanced.

Interest upon interest cannot be recovered simply on the strength of a demand.

BILL IN EQUITY, to redeem land from a mortgage. On April 4, 1895, the plaintiff gave to the defendant a mortgage, in form for $18,000, upon land on which were situated partially erected buildings. The mortgage note was in the ordinary form, and contained a promise to pay " the sum of eighteen thousand dollars in three years from this date, with interest quarterly at the rate of six per cent per annum." At the time of taking the mortgage, the defendant advanced the sum of $10,000 only ; and on April 22, 1895, the plaintiff and the defendant executed a written agreement, the material part of which is as follows :

" Whereas said Ida O. Folsom has agreed to loan to said Mary E. Lewin the sum of eighteen thousand (18,000) dollars in manner hereinafter mentioned, and has taken as security for said loan a mortgage for eighteen thousand dollars, dated April 4, 1895, on said real estate, executed by said Mary E. Lewin ; and the said Ida O. Folsom has this day paid to the said Mary E. Lewin the sum of ten thousand (10,000) dollars on account of said loan, the receipt of which is hereby acknowledged. Now, therefore, in consideration of the premises and of the mutual covenants between the parties hereto, the said Mary E. Lewin, for herself, her heirs, executors, and administrators, hereby agrees to fully complete said house and stable substantially in accordance with said plans and specifications on or before October 1, 1895, and agrees to save harmless and indemnified the said Ida O. Folsom, her executors, administrators, and assigns, from all liens or other encumbrances affecting the security under said mortgage, and it is agreed that in case said Mary E. Lewin does not discharge such liens or other encumbrances within ten (10) days after demand the said Ida O. Folsom, her executors, administrators, or assigns may pay off or compromise such claims for liens or other encumbrances and any sums so paid, and all costs and expenses sustained by said Ida O. Folsom by reason of said claims shall be deemed part of the balance to

be advanced on account of the aforesaid loan, and shall be held
to be secured by said mortgage. And it is further agreed that
if the work on said buildings shall be discontinued or said build-
ings shall not be completed by October 1, 1895, the said Ida
O. Folsom, her executors, administrators, and assigns, may take
charge of said work to the exclusion of said Mary E. Lewin
and those claiming under her, and prosecute the same to com-
pletion in such manner as she may deem expedient at the ex-
pense of the said Mary E. Lewin, and all sums so expended
shall be considered a part of the balance to be advanced on
account of said loan, and shall be held to be secured by said
mortgage. And the said Ida O. Folsom, for herself and her
executors, administrators, and assigns, hereby agrees to pay the
balance of said loan, namely, the sum of eight thousand (8,000)
dollars, thirty-five days after the completion of said house and
stable, meaning thirty-five days after all workmen have ceased
to labor thereon for any purpose, provided there are no liens or
other encumbrances against said premises affecting the secu-
rity under said mortgage, and said house and stable are com-
pleted substantially in accordance with the aforesaid plans and
specifications."

The plaintiff, through her own fault, did not complete the
buildings by October 1, 1895. The defendant never offered nor
attempted, nor was asked by the plaintiff either to complete
the same or to advance the remaining $8,000 principal, or any
part thereof. The defendant was always ready, willing, and
able to make the further advance to the plaintiff of eight thou-
sand dollars upon completion of the buildings according to the
terms of the agreement of April 22, but never kept any specific
sum of eight thousand dollars on hand for this purpose. The
defendant advertised the premises for foreclosure for non-pay-
ment of interest, and claimed to be entitled to interest on the
sum of eighteen thousand dollars from the date of the mortgage.

The case was heard by *Allen*, J., who ruled that after October
1, 1895, the defendant was not bound to advance the remaining
$8,000, and who allowed interest on $18,000 to October 1, 1895,
and interest on $10,000 only from October 1, 1895, to July 20,
1897, when a payment of $2,000 on account of the principal was
made under an agreement of the parties, and interest on $8,000

from July 20, 1897. A decree was entered in accordance with the rulings of the presiding justice, who, after an appeal by the defendant, reported the case to the full court. No objection was made by the plaintiff to such part of the rulings and decree as allows interest on the full $18,000 to October 1, 1895.

*F. W. Kittredge*, for the defendant.

*G. M. Palmer*, (*A. E. Pillsbury* with him,) for the plaintiff.

HOLMES, J. This is a bill in equity to redeem land from a mortgage for eighteen thousand dollars and interest at six per cent, given in fact, although not in form, to secure future advances. The defendant has advanced ten thousand dollars, and the only question is whether the plaintiff is bound to pay interest upon the whole eighteen thousand dollars for any and what time, or is bound to pay it only upon the sum actually received.

The judge who tried the case charged the plaintiff with interest only on the sum actually received by her, except for a short time which is not in controversy, as the plaintiff did not object to the charge. It appears from the report of the facts that the plaintiff did not agree to pay interest on sums not advanced, unless such agreement is implied in the note and mortgage, or in the instrument now to be mentioned.

On April 22, 1895, a few days after the mortgage, the parties executed a sealed instrument reciting that the plaintiff was building a house and stable on her land in Milton, and that the defendant had agreed to lend the plaintiff eighteen thousand dollars, taking a mortgage of the said land as security for it, and that she had advanced ten thousand dollars. In this instrument the plaintiff covenanted, among other things, to complete the house and stable on or before October 1, 1895, that if she did not, the defendant might finish the work at the plaintiff's expense, and that all sums so expended should be considered part of the promised loan, and should be held to be secured by the mortgage. The defendant then covenanted to pay the rest of the loan, eight thousand dollars, thirty-five days after workmen had ceased to labor on the house and stable, provided there were no liens, etc.

The judge further reports that the plaintiff, by default of her contractors, did not complete the buildings by October 1, 1895, and that after that date the defendant was not bound to advance

the remaining eight thousand dollars. The defendant never has broken her part of the agreement, but neither has she ever offered or attempted to exercise her right to finish the work, and the plaintiff finished it before the bill was filed. The judge allowed interest on the whole amount of the mortgage until October 1, 1895, and after that upon ten thousand dollars, the sum actually advanced, until July 20, 1897, when the plaintiff made a partial payment, and after that upon what remained unpaid.

We think it very plain that the decree was sufficiently favorable to the defendant. We agree with the construction of the defendant's covenant which limits it to the case of the building being finished by October 1. If it is so limited, it would be a harsh thing to make the plaintiff pay interest for money which she never has had and could not have demanded. If we assume what we do not decide, that after October 1 the defendant, although not bound to lend, had a right if so disposed to require the plaintiff to accept the rest of the loan, she did not do so. If she had done so, but had stopped with tendering the amount remaining to be advanced to the plaintiff, even if entitled to damages for a refusal on the plaintiff's part to complete the contract, she would not have been entitled to interest. To gain the right to that it was necessary at least that she should both signify her intent to insist upon her supposed right to make the advance, and should set apart the money which she expected the plaintiff to take.

It so long has been regarded as settled law in this Commonwealth that interest upon interest cannot be recovered simply on the strength of a demand, that we cannot take upon ourselves to revise the reasoning upon which the doctrine was established. It is plain from that reasoning that the cases do not stand on the absence of a technical default, but on the ancient unwillingness to allow compound interest. *Shaw* v. *Norfolk County Railroad,* 16 Gray, 407, 416. *Ferry* v. *Ferry,* 2 Cush. 92. *Henry* v. *Flagg,* 13 Met. 64, 67. *Wilcox* v. *Howland,* 23 Pick. 167, 169. *Hastings* v. *Wiswall,* 8 Mass. 455. *Doe* v. *Warren,* 7 Greenl. 48. Sedgwick, Damages, (8th ed.) §§ 343, 345.

*Decree affirmed.*