INHABITANTS OF TISBURY *vs.* VINEYARD HAVEN WATER
COMPANY.

Dukes County.     October 22, 1906. — November 26, 1906.

Present : KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Interest. Damages. Waterworks. Tisbury. Vineyard Haven Water
Company. Statute.*

Where interest is to be allowed on money due the computation is to be of simple
interest unless there is an express requirement to the contrary.

St. 1887, c. 157, § 6, gave the town of Tisbury the right to take the franchise, cor-
porate property and all the rights and privileges of the Vineyard Haven Water
Company " on payment to said corporation of the total cost of its franchise,
works and property of any kind held under the provisions of this act, including
in such cost interest on each expenditure from its date to the date of taking, as
hereinafter provided, at the rate of seven per centum per annum.  If the cost of
maintaining and operating the works of said corporation shall exceed, in any
year, the income derived from said works by said corporation for that year,
then such excess shall be added to the total cost; and if the income derived
from said works by said corporation exceeds, in any year, the cost of main-
taining and operating said works for that year then such excess shall be de-
ducted from the total cost." *Held,* that, in case of a taking by the town, the
effect of this provision was to guarantee to the corporation the return of all
the money invested in the enterprise with simple interest thereon at the rate of
seven per cent per annum for the length of time that it remained invested.

BILL IN·EQUITY, filed in the Supreme Judicial Court on
October 11, 1905, under St. 1887, c. 157, § 6, to ascertain and
fix the total cost of the franchise, corporate rights and privileges
of the Vineyard Haven Water Company taken by the town of
Tisbury under that statute.

The section in question is as follows:

" Section 6.  The said town of Tisbury or any fire district
that is or may hereafter be legally organized therein shall have
the right at any time to take, by purchase or otherwise, the
franchise, corporate property and all the rights and privileges of
said corporation, on payment to said corporation of the total
cost of its franchise, works and property of any kind held under
the provisions of this act, including in such cost interest on each
expenditure from its date to the date of taking, as hereinafter
provided, at the rate of seven per centum per annum.  If the

cost of maintaining and operating the works of said corporation shall exceed, in any year, the income derived from said works by said corporation for that year, then such excess shall be added to the total cost; and if the income derived from said works by said corporation exceeds, in any year, the cost of maintaining and operating said works for that year then such excess shall be deducted from the total cost.  The said town or fire district on taking, as herein provided, the property of said corporation, shall assume all of its outstanding obligations, including the bonds authorized by this act, and the amount thus assumed shall be deducted from the total amount to be paid by said town or fire district to said corporation.  In case of a foreclosure of the bonds authorized by this act, the said town or fire district may take possession of the property and rights of said corporation on the payment of said bonds, principal and interest.  In case said town or fire district and said corporation are unable to agree upon the amount of the total cost of the franchise, corporate property, rights and privileges of said corporation, then, upon a suit in equity by said town or fire district, the Supreme Judicial Court shall ascertain and fix such total cost under the foregoing provisions of this act, and enforce the right of said town or fire district to take possession of such franchise, corporate property, rights and privileges upon payment of such cost to said corporation.  This authority to take said franchise and property is granted on condition that the taking is assented to by said town or fire district by a two-thirds vote of the voters of said town or fire district present and voting thereon at a meeting legally called for that purpose."

The case came on to be heard before *Hammond*, J., who at the request of both parties reserved it upon the pleadings and agreed facts for determination by the full court, such order or decree to be made therein as the law might require.

*A. E. Pillsbury*, for the plaintiff.

*J. R. Dunbar*, (*F. Brewster* with him,) for the defendant.

KNOWLTON, C. J.   Acting under St. 1887, c. 157, § 6, the plaintiff took the franchise, corporate property, and all the rights and privileges of the defendant, and being unable to agree with the defendant upon the amount of the total cost of that which was taken, it brings this bill for an ascertain-

ment and fixing of this total cost in accordance with the provisions of the statute. The bill calls for a construction of the statute in that part which states the terms of the payment to be made. The language of a part of § 6 giving these terms is as follows: " On payment to said corporation of the total cost of its franchise, works and property of any kind held under the provisions of this act, including in such cost interest on each expenditure from its date to the date of taking, as hereinafter provided, at the rate of seven per centum per annum. If the cost of maintaining and operating the works of said corporation shall exceed, in any year, the income derived from said works by said corporation for that year, then such excess shall be added to the total cost; and if the income derived from said works by said corporation exceeds, in any year, the cost of. maintaining and operating said works for that year then such excess shall be deducted from the total cost." The effect of this provision, in case of a taking by the town, is to guarantee to the corporation the return of all the money invested in the enterprise, with seven per cent interest upon it for the time that it remains invested. There is no provision for compounding the interest, but the statute plainly calls for simple interest only. Where interest is to be allowed on money due, the computation is to be of simple interest unless there is an express requirement to the contrary. *Dean* v. *Williams*, 17 Mass. 417. *Ferry* v. *Ferry*, 2 Cush. 92, 97. *Hodgkins* v. *Price*, 141 Mass. 162, 164. There is no ground for doubt as to how the computation in this case should have been made if the income each year had been exactly the same as the cost of maintaining and operating the works. Simple interest would have been reckoned on the investment for the whole period. If the cost of maintenance and operation in any year exceeded the income, it seems equally plain that the excess was to be added to the previous cost, and from that time interest was to be reckoned on the increased cost made up of the previous cost and this addition. The total cost to be paid for the property taken is to include interest on each expenditure from its date to the date of taking. The cost of maintenance and operation " in any year" is to be compared with the income " for that year," and if the excess is on one side the excess is to be added to the total

cost, if it is on the other side it is to be deducted from the total cost. The provision that interest is to be added to each expenditure from its date to the date of taking implies that the previous cost is to be modified each year when there is an excess of expenditure over the income, by including the additional cost, and that simple interest is to be reckoned on this increased cost until there is a change in some succeeding year. In like manner, if in any year there is an excess of income above the cost of maintenance and operation, there is to be a similar change by way of diminution of the cost on which interest is being reckoned. In other words, the cost to that time, increased or diminished by the excess of expenditure over income, or of income over expenditure, in any year, is to be the cost on which interest is to be reckoned for the next year, and so on up to the time of the taking. The effect of this method is to give the investors the amount of their original investment with simple interest at seven per cent for the length of time that it remains invested. The same result would be reached in another way if interest were allowed on the excess of the income above the expenditure in any year, from that time to the time of the taking and this interest deducted from the original cost, on the ground that the investors had used and enjoyed this excess of income for that time. It could hardly be contended that the corporation would be entitled to the allowance of the interest on the excess of the expenditure above the income in any year without being chargeable with interest in like manner upon the excess of income above the expenditure in any year in which the excess was on that side.

The chief argument against this construction of the statute is that the investors do not get compound interest or its equivalent by this method. But it is plain that the statute does not purport to give them compound interest. Another way of stating the same argument and objection is that, if the income considerably exceeded expenditure every year, it would be possible for the town to take the property, after a long period, without being obliged to pay anything for it, inasmuch as the application of the excess of income each year to the original investment would in time cancel it by paying back all that was put into the property, with interest. The answer to this argu-

ment is that the statute so provides. The investors get, in such a case, all that the statute intended them to get in the case of a taking. If there are profits in the business beyond this, the town is entitled to the benefit of them if it takes the property. Whether the statutory provision is liberal or illiberal is a question with which we are not now concerned. It is a provision under which the corporators were willing to act. Within the last forty years a great many statutes have been passed — more than one hundred in all — incorporating water companies, with a provision authorizing a taking by a city or town on payment for the property and franchise. These statutes differ considerably in their provisions as to the payments to be made. It is not important to consider them particularly. There is nothing in any of them that requires a construction of this act different from that which we have given it.

<div align="center">

*Total cost to be ascertained and fixed accordingly.*

