KNICKERBOCKER REALTY COMPANY, INCORPORATED, *vs.*
FINANCE CORPORATION OF NEW ENGLAND.

Suffolk.   March 29, 1928. — May 24, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Contract,* Construction.   *Interest. Mortgage,* Of real estate: construction
mortgage.

Under the terms of a construction loan agreement, the lender agreed to
advance to the owner at stated times $200,000 "during the erection of"
a building, "subject to the terms of this agreement and . . . the
schedule hereto annexed . . . ," and the owner gave a note, secured by
a mortgage, for that sum payable in six months with interest at ten
per cent per annum.   The agreement provided that the owner should
pay interest "at the times and rate named in said mortgage note on the
whole sum agreed to be advanced from the date of said note in any
event . . . notwithstanding the fact that all of said moneys are not
advanced forthwith . . ."; and that "The mortgagee shall be no longer
bound by this agreement if said mortgage shall be foreclosed for breach
of the condition, nor if the said building shall not be completed at the
maturity of said note and mortgage."   In the note, the owner agreed
to pay interest at ten per cent per annum during the term of the note
and "for such further time as said principal sum, or any part thereof,
shall remain unpaid."   The building was not completed at the time of
maturity of the note.   The lender never advanced all of the $200,000,
but advanced over three quarters of the sum by payments both before
and after the maturity of the note.   The mortgage was foreclosed about
a year after the maturity of the note and from the proceeds the amount
of the principal advanced and interest upon the face of the note to the
date of foreclosure were retained by the mortgagee.   The mortgagor
brought an action of contract for a balance alleged to be due it after the
foreclosure.   An auditor to whom the action was referred found that
nothing was due the plaintiff, and judgment was ordered on the report
for the defendant.   *Held,* that
    (1) The note, the mortgage and the agreement formed one transac-
tion;
    (2) The mortgagee was entitled to charge interest at ten per cent per
annum on the face of the note, not only to the time of its maturity, but
to the time of foreclosure;
    (3) No additional express agreement was necessary to entitle the
mortgagee to interest on moneys advanced after the maturity of the note.
    (4) The order for judgment was affirmed. ·

CONTRACT by a mortgagor for a balance alleged to be due
upon an accounting after foreclosure.   Writ dated February
15, 1927.

·In the Superior Court, the action was referred to an auditor, upon whose report the defendant moved for judgment. The motion was allowed by *Sisk*, J., and the plaintiff appealed.

In addition to the facts stated in the opinion, it was found by the auditor that the sums actually advanced by the defendant before the maturity of the note amounted to $116,166.66, and, after the maturity of the note, to $41,583.32; that, if in the sums advanced by the defendant before the maturity of the note were included interest payments and other charges due to the defendant under the mortgage and construction loan agreement, the sums advanced before the maturity of the note amounted to $128,000, and those after the maturity of the note to $48,250. The plaintiff sought to recover $10,458.01. It was provided in the construction loan agreement: "The mortgagee shall be no longer bound by this agreement if said mortgage shall be foreclosed for breach of the condition, nor if the said building shall not be completed at the maturity of said note and mortgage. But it is agreed that the mortgagee may advance payments, but shall not be bound so to do after maturity of said note and mortgage for the completion of said building, and charge the same against mortgage note, the same being repayable on demand."

Other provisions of the agreement are set forth in the opinion.

*J. H. Vahey*, for the plaintiff.

*J. H. Devine*, for the defendant.·

CROSBY, J. This is an action of contract to recover an amount alleged to be due on account of a construction loan for $200,000, made by the defendant to the plaintiff. The answer of the defendant was a general denial, payment, and that at the time the construction mortgage was recorded there was also recorded a second mortgage from the plaintiff to Simpson Brothers Corporation in the sum of $50,000, payable on demand with interest at the rate of six per cent per annum, and that by virtue thereof the defendant was bound to account to that corporation for all moneys received upon the foreclosure of the defendant's mortgage in excess of the amount due thereon, and that the defendant did duly ac-

count to Simpson Brothers Corporation, and therefore owes the plaintiff nothing.

The question, whether the plaintiff, in view of the assignment by it to Simpson Brothers Corporation, has such an interest in the subject matter of this action as entitles it to maintain the suit, has not been argued by the defendant, and need not be considered. Accordingly we proceed to decide the case on the merits.

The case was referred to an auditor who made certain subsidiary findings and found that the defendant did not owe the plaintiff anything. It appears that the plaintiff, who was the owner of a parcel of land, in order to secure money to erect a building thereon, executed a construction loan agreement with the defendant whereby the latter was to advance moneys on certain terms and conditions set forth in the agreement, and in accordance with a schedule of payments marked B and annexed to the plaintiff's declaration. To secure such payments the plaintiff executed and delivered to the defendant a mortgage note for $200,000 dated April 26, 1923, payable six months from date with interest payable monthly at the rate of ten per cent per annum during such term and for such further time as the principal sum or any part thereof remained unpaid; and at the same time delivered to the defendant a mortgage in the usual form on the real estate. On the same date the plaintiff entered into a contract with Simpson Brothers Corporation for the erection of a building on the land, and contemporaneously therewith executed and delivered a note to that corporation for $50,000, secured by a second mortgage on the real estate, and assigned to the corporation $110,000 of the moneys to be advanced by the defendant under the terms of the construction loan agreement less certain charges and expenses of the defendant. This assignment was accepted by the defendant. Thereafter, on May 4, 1923, the defendant advanced to the plaintiff $90,000 with which to pay an existing encumbrance on the real estate, and the plaintiff began the erection of the building; it was not completed on October 26, 1923, the date of the maturity of the note. The mortgage was foreclosed by sale at public auction on September 4, 1924, and the

premises were purchased at the sale by Simpson Brothers Corporation for $215,000. The auditor found that after the maturity of the note interest was computed and charged by the defendant to the date of foreclosure at the rate of ten per cent per annum; and that the plaintiff instructed the defendant to pay to Simpson Brothers Corporation any sums remaining in its hands after the payment of the first and second mortgages and other charges.

It is the contention of the plaintiff that the charges of interest were excessive and that interest charged "on the face of the note from its date not only down to its maturity, but also down to the time of the foreclosure" was excessive and unlawful. We cannot agree with this contention. The fifth clause of the agreement is as follows: "The mortgagor and those claiming title under said mortgagor agree to pay interest at the times and rate named in said mortgage note on the whole sum agreed to be advanced from the date of said note in any event, and also interest on any additional sums advanced at the same rate, notwithstanding the fact that all of said moneys are not advanced forthwith, and the mortgagee is authorized to charge said interest after it becomes due against any payment said mortgagee may see fit." In the note the plaintiff also expressly promises to pay the defendant the sum of $200,000 in six months from date with interest monthly at the rate of ten per cent per annum "during said term, and for such further time as said principal sum, or any part thereof, shall remain unpaid." This promise is in accord with the fifth clause of the agreement above referred to and clearly sets forth the intention and agreement of the parties. The note, mortgage and agreement all form part of one and the same transaction.

It is the further contention of the plaintiff that the defendant is not entitled to interest on moneys advanced after the maturity of the note without an express agreement to that effect. It is stipulated in direct terms in clause four of the agreement that "The mortgagee agrees to advance to the mortgagor the amount of $200,000 during the erection of said building, subject to the terms of this agreement and conditions set forth in the schedule hereto annexed . . . ."

It thus appears that the defendant was obligated to furnish the full amount as the same became payable under the schedule whether so advanced before or after the maturity of the note, and under clause five "the mortgagee is authorized to charge said interest after it becomes due against any payment said mortgagee may see fit."

The record shows that the defendant fully complied with the terms of the agreement, and by its express terms was entitled to interest at the rate of ten per cent upon the whole sum agreed to be advanced from the date of the note, not only to the date of maturity but to the time of the foreclosure of the mortgage. In other words, the legal effect of the contract was that the defendant should be paid interest upon the full amount of the principal of the note so long as it was under an obligation to furnish the money. *Lewin* v. *Folsom,* 171 Mass. 188.

Upon the findings of the auditor it appears that no amount was charged or retained by the defendant to which it was not lawfully entitled. *Bangs* v. *Fallon,* 179 Mass. 77. The finding that nothing was due the plaintiff was not a ruling of law, it was the ultimate finding of the auditor based upon his subsidiary findings.

Let the entry be

*Order for judgment for defendant affirmed.*