ISAAC SHAPIRO & another, trustees, *vs.* DAVID BAILEN.

Suffolk.    November 5, 1935. — January 2, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Mortgage*, Of real estate: satisfaction, assignment. *Interest.*

Where one authorized to collect the rents of mortgaged premises as security for a loan made to the owner thereof, with an option either to apply any surplus over operating charges to reduce the loan or to pay such surplus to the landowner, with the assent of the landowner paid from such surplus the amount due on the mortgage and took an assignment of it to himself which all parties intended should be valid, the mortgage was not extinguished and the assignment was good.

Ordinarily overdue interest does not itself draw interest.

BILL IN EQUITY, filed in the Superior Court on October 30, 1934.

The suit was heard by *Goldberg*, J. Besides the findings and rulings stated in the opinion were the following: The defendant made entry and took possession under the third mortgage. Thereafter, from the rents in his hands, he paid an attorney for services rendered in seeking a reduction in the rate of interest on the first mortgage and in connection with foreclosure of the second mortgage. These payments were proper, and the defendant was not accountable to the plaintiffs respecting them. The defendant was entitled to a specified amount for his services as mortgagee in possession.

A final decree was entered adjudging that at the time of the judge's findings, rulings and order for decree, March 8, 1935, the defendant was the holder of the second and third

mortgages; adjudging the amounts due the defendant at that time on the second and third mortgages and for his services as third mortgagee in possession, and the amount for which the defendant was accountable to the plaintiffs at that time; adjudging that a certain sum received by the defendant through the foreclosure of the second mortgage on March 23, 1935, was insufficient to pay the amounts due on the second and third mortgages; and dismissing the bill. The plaintiffs appealed.

*W. P. Murray*, for the plaintiffs.

*A. Homonoff*, for the defendant.

QUA, J. This bill in equity was brought by the owners of two apartment house properties in Cambridge to restrain the defendant from foreclosing a second mortgage and a third mortgage, each of which covered both parcels, and for an accounting with respect to the third mortgage. The only matters now in dispute are whether the second mortgage has been paid and satisfied and certain items in the accounting.

As to the second mortgage the facts found by the trial judge are these: On May 20, 1930, the plaintiffs borrowed $8,000 from the defendant and as security for the loan gave him an instrument under seal wherein they appointed him their agent and attorney to collect all rents from the premises until any indebtedness of the plaintiffs to the defendant should be paid in full, authorized the defendant to pay the operating charges of the properties and out of any surplus to make monthly payments of principal and interest on the second mortgage (then held by a mortgage and loan company) and to pay himself interest at the rate of one per cent per month, and gave the defendant the option either to apply any surplus which might still remain upon the plaintiffs' indebtedness to the defendant or to pay it to the plaintiffs. On January 18, 1932, with the consent of the plaintiffs, the defendant paid to the mortgage and loan company the amount due on the second mortgage out of funds in his hands under the instrument and took from the mortgage and loan company an assignment of that mortgage to himself. The plaintiffs did not desire the second mortgage to

be extinguished. They desired and intended that it be assigned to the defendant. All the parties, including the mortgage and loan company, "intended the assignment which was made to the defendant to be a valid assignment."

It is the plaintiffs' contention that these facts show a payment of the second mortgage by the plaintiffs, who owed it, out of their own money, that the mortgage was extinguished as matter of law and that the attempt to assign it to the defendant was futile. We cannot agree with this contention. The money in the defendant's hands under the instrument of May 20, 1930, with which he procured the assignment, was not the plaintiffs' money. The defendant was more than the plaintiffs' agent. By the terms of the instrument he had an interest in the money as security for his loan which was superior to the plaintiffs' interest. He was under no personal obligation to pay the second mortgage. Except for the monthly instalments provided for in the instrument, the plaintiffs had no right to compel him to apply any of the money in his hands to that mortgage. The defendant paid out of his own security, and it was right that the mortgage should be kept alive for his benefit. Where, as here, the money has been advanced by one under no obligation to pay, "such an assignment shall be held to constitute an extinguishment or an assignment, according to the intent of the parties." *Brown* v. *Lapham*, 3 Cush. 551, 555. *Gibson* v. *Crehore*, 3 Pick. 475, 482. *Strong* v. *Converse*, 8 Allen, 557. *McCabe* v. *Swap*, 14 Allen, 188. *Ryer* v. *Gass*, 130 Mass. 227. *Cheffee* v. *Geageah*, 253 Mass. 586, 589. Cases like *Carlton* v. *Jackson*, 121 Mass. 592, and *Lydon* v. *Campbell*, 198 Mass. 29, where a person obligated to pay does so with his own money, are distinguishable. The judge rightly ruled that the second mortgage was not extinguished. The intent of the parties prevails.

We have examined all items in the accounting which have been argued. We think the defendant should not have been allowed $136.50 for interest upon overdue interest. Although compound interest may sometimes be allowed in equity where justice requires it, *Ellis* v. *Sullivan*, 241 Mass. 60, 64, the circumstances of this case do not call for any

departure from the general rule.  Otherwise we find no error.
The instrument under seal of May 20, 1930, authorized the
defendant to pay himself more than six per cent interest.
See G. L. (Ter. Ed.) c. 107, § 3.     Counsel fees were
properly allowed.  *Bangs* v. *Fallon,* 179 Mass. 77, 85.
In the absence of the evidence we cannot say that the
amounts allowed either for counsel fees or for the defend-
ant's personal services were excessive.     There were one
hundred and six apartments and nearly $150,000 passed
through the defendant's hands.     There is no finding of
bad faith on the defendant's part which would deprive him
of compensation.

With the modification mentioned above, the final decree
should be affirmed with costs.

*Ordered accordingly.*