STEPHEN DUNNE *vs.* CITY OF BOSTON. No. 95-P-486. October 10, 1996. *Release. Res Judicata. Judgment,* Correction of judgment, Interest. *Public Employment,* Accidental disability retirement. *Interest. Workers' Compensation Act,* Public employee.

Following the entry of a Superior Court judgment ordering the city to pay Dunne, a city employee who sustained a work-related injury, the difference between his salary and the weekly benefits he was receiving under G. L. c. 152, as required by St. 1970, c. 800, the city did not appeal. Thereafter, disputes between the parties arose about whether c. 800 applied to partial as well as total disability payments and whether Dunne was entitled to interest on the judgment. On Dunne's motions for clarification, the judge concluded that the city was to make payments so long as Dunne received workers' compensation benefits and that he was entitled to interest on the payments. We affirm the judge's order.

1. *Procedural issues.* There is no merit in the argument that Dunn's acceptance of the check tendered by the city after entry of the judgment constituted a release of any further obligation by the city. See *Shumaker* v. *Lucerne-in-Maine Community Assoc.,* 275 Mass. 201, 205 (1931), and cases therein cited; *Champlin* v. *Jackson,* 313 Mass. 487, 489-490 (1943).

Principles of res judicata and issue preclusion did not bar Dunne from seeking clarification or correction of the judgment to make provision for an award of interest. See *O'Malley* v. *O'Malley,* 419 Mass. 377, 380 (1995). Nor was Dunne precluded from seeking a clarification or modification of the judgment to provide that payments to him should continue beyond the date earlier ordered by the judge (July 9, 1991) where the Department of Industrial Accidents (department) had determined, subsequent to the judge's earlier order, that the city was to pay Dunne benefits retroactive to November 25, 1992. See *System Federation No. 91* v. *Wright,* 364 U.S. 642, 647-648 (1961). See also Restatement (Second) of Judgments § 13 comment c, and § 24 comment f (1982).

2. *The obligation.* As relevant, St. 1970, c. 800, provides: "[A]ny employee of the city of Boston . . . who, while in the performance of duty, receives bodily injury resulting from any act of violence of any patient or prisoner and who as a result of such injury is entitled to benefits under [G. L. c. 152], shall be paid the difference between the weekly cash benefits to which he is entitled under said [c. 152] and his regular salary. . . ." The city argues that because the department determined that Dunne was

partially rather than totally disabled, the statute is inapplicable and that, if applicable, it would be "equitable" to reduce the amount of any weekly difference to be paid Dunne by $150, the amount of the earning capacity assigned to Dunne by the department.

In enacting St. 1970, c. 800, the Legislature made no distinction between total and partial compensation benefits. "Where the language of a statute is plain, the courts enforce the statute according to its wording." *Weitzel* v. *Travelers Ins. Co.*, 417 Mass. 149, 153 (1994), and cases therein cited. Further, we do not consider the city's claim that equity requires that Dunne's payments be reduced by the amount of his assigned earning capacity and, instead, leave it to the city to make that argument to the Legislature. See *Attorney Gen.* v. *Hahnemann Hosp.*, 397 Mass. 820, 834 (1986).

3. *Interest on the payments.* Discussion of the city's claim concerning interest is not warranted. It is enough to state that under G. L. c. 152, § 50, as appearing in St. 1982, c. 183, § 1, Dunne is entitled to interest at the rate of twelve percent, all as explained in *Sjoberg's Case*, 394 Mass. 458, 464 & n.3 (1985). He is not, however, entitled to compound interest because "such an award would be contrary to the well established rule that compound interest is not authorized except in certain proceedings in equity or by express statutory language." *Thomas's Case*, 25 Mass. App. Ct. 964, 965 (1988).

4. *Conclusion.* The case is remanded to the Superior Court for computation of interest at the rate of twelve percent per annum on each unpaid weekly payment from the time it became due. The order of the Superior Court judge entered December 19, 1994, is affirmed.

*So ordered.*

*Charles J. Abate, Jr.,* for the defendant.
*Paul M. Moretti* for the plaintiff.