# United States Court of Appeals
## For the First Circuit

————————————

No. 99-2175

DAVID BERMAN,

Plaintiff, Appellee,

————————————

FHS PROPERTIES LIMITED PARTNERSHIP,
BY ITS GENERAL PARTNER, FORT HILL LAND COMPANY,

Plaintiff, Appellant,

v.

B.C. ASSOCIATES; BC PHASE 2 ASSOCIATES
LIMITED PARTNERSHIP; DONALD J. CHIOFARO,
AS GENERAL PARTNER IN BC ASSOCIATES AND
BC PHASE 2 ASSOCIATES LIMITED PARTNERSHIP;
THEODORE OATIS, AS GENERAL PARTNER IN
BC ASSOCIATES AND BC PHASE 2 ASSOCIATES
LIMITED PARTNERSHIP,

Defendants, Appellees.

————————————

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Morris E. Lasker,[*] Senior U.S. District Judge]

————————————

Before

Torruella, Chief Judge,

———————————————————

[*]  Of the Southern District of New York, sitting by designation.

Lipez, <u>Circuit Judge</u>,

and Keeton,[**] <u>District Judge</u>.

_____

<u>Mitchell H. Kaplan</u>, with whom <u>Kathleen A. Burdette</u> and <u>Choate, Hall & Stewart</u> were on brief, for appellant.
<u>John D. Donovan, Jr.</u>, with whom <u>Randall W. Bodner</u>, <u>Justin J. Wolosz</u> and <u>Ropes & Gray</u> were on brief, for appellees B.C. Associates, et al.

_____

August 2, 2000

_____

[**]  Of the District of Massachusetts, sitting by designation.

**TORRUELLA, <u>Chief Judge</u>.** This is an appeal from the final judgment of the United States District Court for the District of Massachusetts, issued on remand following a prior appeal to this Court, declaring that the "Deficit Loan" made by BCA[1] to Fort Hill Square Associates accrued compound interest. FHS Properties Limited Partnership contests the award of compound, rather than simple, interest. For the reasons discussed below, we agree with the appellant that the district court's award of compound interest was in error.

## BACKGROUND

The facts of this case were thoroughly laid out by this Court in <u>FHS Properties Ltd. Partnership</u> v. <u>BC Associates</u>, 175 F.3d 81, 82-84 (1st Cir. 1999). Due to the narrow scope of this second appeal, we need not rehash the complicated details of the structure and history of the real estate development project that is the basis for this suit. For our purposes, it is only relevant that BCA and FHS are the managing partners of two partnerships that developed and now own International Place, a two-tower office complex in downtown Boston. The project was planned in two phases, one for each tower, with two separate and distinct partnerships. In April 1991, BCA paid $5.6 million, from its own funds, to settle a law suit brought against the first partnership

---

[1] The appellees are BC Associates ("BCA-1"), BC Phase 2 Associates Limited Partnership ("BCA-2"), and Donald Chiofaro and Theodore Oatis, the general partners of BCA-1 and BCA-2. We will refer to them collectively as BCA.

-3-

by certain limited partners who challenged the financing of the second phase of the project.

FHS brought this action to clarify whether BCA's settlement payment was a partnership expense. The district court concluded that BCA was entitled to indemnification payments from the partnership in the amount of $2.1 million, accruing interest at 6% per annum. However, in FHS Properties, we held that BCA's payment met the conditions of a "deficit loan" under the partnership agreement, which among other things entitled BCA to interest at a rate of 18% per annum. See id. at 86-87. Accordingly, we reversed the district court's judgment and remanded for proceedings consistent with our opinion.

FHS then moved for the district court to enter final judgment specifying whether the interest on the deficit loan would be simple or compound. The deficit loan provision provides only that such loans "shall bear interest at an annual rate which is two percentage points above the so-called 'Prime rate' . . . or at 18% per year, whichever is greater."

After a brief discussion of Massachusetts law[2] relating to the availability of compound interest, and without any discussion of the facts of the case, the district court concluded that the interest should be compounded, "because compounding is the equitable means of

_____

[2] Section 21 of the Partnership Agreement expressly provided that the interpretation of its terms is governed by Massachusetts law.

fully compensating a creditor-partner under the Deficit Loan provision." FHS Props. Ltd. Partnership v. BC Assocs., No. 94-CV-11346-MEL, slip. op. at 2 (D. Mass. Aug. 26, 1999).

## DISCUSSION

The appellant challenges the district court's award of compound interest, arguing that under Massachusetts law, a court does not have discretion to award compound interest in the absence of an express provision in the contract. The appellee acknowledges this general rule but contends, however, that there is an equitable exception that was rightfully invoked in this case where FHS behaved inequitably.

Whether Massachusetts law permits a court to fashion an equitable remedy of compound interest on a contractual debt is a question of law, which is, therefore, subject to de novo review. See Negrón v. Caleb Brett U.S.A., Inc., 212 F.3d 666, 668 (1st Cir. 2000); New England Mut. Life Ins. Co. v. Baig, 166 F.3d 1, 3 (1st Cir. 1999). Because we conclude that Massachusetts law does not permit the award of compound interest in a case such as this, when the partnership agreement specifies an interest rate per annum, we need not address whether the comparative equities of the parties support the district court's exercise of discretion in awarding compound interest.

In Massachusetts, compound interest is generally disfavored. See Ellis v. Sullivan, 134 N.E. 695, 697 (Mass. 1922) (recognizing an

-5-

"'ancient unwillingness to allow compound interest'" (quoting Lewin v. Folsom, 50 N.E. 523, 524 (Mass. 1898))).  As early as 1906, the Supreme Judicial Court of Massachusetts decreed that interest is simple, "unless there is an express agreement to the contrary."  Inhabitants of Tisbury v. Vineyard Haven Water Co., 79 N.E. 256, 257 (Mass. 1906); see also Coupounas v. Madden, 514 N.E.2d 1316, 1321 (Mass. 1987); Von Hemert v. Porter, 52 Mass. 210, 218 (Mass. 1846); D'Annolfo v. D'Annolfo Constr. Co., 654 N.E.2d 82, 85 (Mass. App. Ct. 1995).  Consequently, compound interest is only permitted in certain proceedings in equity or by express statutory or contractual authority.  See Dunne v. City of Boston, 671 N.E.2d 518, 520 (Mass. App. Ct. 1996); see also Shapiro v. Bailen, 199 N.E. 315, 316 (Mass. 1936) (recognizing exception in equity); Ellis, 134 N.E. at 697 (same).

It is undisputed that the deficit loan provision in the partnership agreement does not expressly provide for the compounding of interest.  Indeed, it provides only that a deficit loan "shall bear interest at an annual rate . . . [of no more than] 18% per year."  Furthermore, the overwhelming majority of Massachusetts cases equate an interest rate "per annum," whether in a contract or a statute, with simple interest.  See, e.g., Coupounas, 514 N.E.2d at 1322; De Córdova v. Weeks, 140 N.E. 269, 269-70 (Mass. 1923); Tisbury, 79 N.E. at 257; D'Annolfo, 654 N.E.2d at 85.  But see Ellis, 134 N.E. at 696-97 (allowing compound interest at stated rate per annum in equity

-6-

proceeding where debtor deliberately withheld interest payments).

Thus, the designated interest rate of "18% per year," construed in its "usual and ordinary sense," Hakim v. Massachusetts Insurer's Insolvency Fund, 675 N.E.2d 1161, 1164 (Mass. 1997) (citing Cody v. Connecticut Gen. Life Ins. Co., 439 N.E.2d 234 (Mass. 1982)), unambiguously indicates that the deficit loan accrues simple interest. The parties to the partnership agreement would, therefore, reasonably have expected the deficit loan provision, as drafted, to call for simple interest.

We are not moved by the appellee's contention that such a reading of the provision unfairly penalizes BCA because the loan repayment will come, in part, from its own partnership profits. Such is necessarily, and thus foreseeably, the circumstance with every deficit loan by its terms, and the provision could have been drafted accordingly to provide for compound interest. We enforce the contract as written, and "'are not free to revise or change'" it. Hakim, 675 N.E.2d at 1164 (quoting Continental Cas. Co. v. Gilbane Bldg. Co., 461 N.E.2d 209 (Mass. 1984)); see also Alison H. v. Byard, 163 F.3d 2, 6 (1st Cir. 1998) (quoting Liberty Mut. Ins. Co. v. Gibbs, 773 F.2d 15, 17 (1st Cir. 1985)). Thus, as a matter of contract law, the award of compound interest was in error.

Nevertheless, the appellee argues that compound interest was appropriate in this case because the jury found FHS's conduct to be inequitable. To that end, the appellee argues that equitable

principles governed this case from the beginning, and that this Court should look to equity and not contract for just compensation. For support, the appellee directs the Court to its Answer, its submissions of special verdict questions for the jury, and the language of the district court's Memorandum and Decision to award compound interest.

After a thorough review of the record and briefs, we cannot agree. BCA's position throughout the trial was that the $5.6 million settlement payment qualified as a deficit loan under the terms of the partnership agreement. Only as an afterthought, once the case had been submitted to the jury, did BCA raise the issue of compound interest as a matter of equity.

Furthermore, we are not convinced that the district court reached the decision that interest should be compounded as a matter of equity. To be sure, the district court used the word "equitable" in its conclusion. However, there is no subsequent analysis of the equities of the case to support the appellee's contention that the award of compound interest was based on FHS's misconduct. Absent a discussion of the equities, the more plausible reading of the opinion is that the court was interpreting and applying the terms of the deficit loan provision.

In any event, accounting for "equitable considerations" does not convert a contract action to one in equity. We have not been presented with any authority establishing that the district court had

-8-

the discretion to depart from the terms of the contract based on equitable considerations. The majority of cases on which the appellee relies for the proposition that a court has discretion to award compound interest involve proceedings in equity. See Chokel v. First Nat'l Supermarkets, Inc., 660 N.E.2d 644, 652 (Mass. 1996) (appraisal); Sarrouf v. New England Patriots Football Club, Inc., 492 N.E.2d 1122, 1129 (Mass. 1986) (appraisal); Shapiro, 199 N.E. at 122 (bill in equity to restrain foreclosure); Ellis, 134 N.E. at 63 (accounting). We are aware of only two compound interest cases that originate in the enforcement of contracts, Buckley & Scott Utilities v. Petroleum Heat & Power Co., 48 N.E.2d 154 (Mass 1943), and Howes v. Warren, 73 N.E.2d 834 (Mass. 1947). In neither case, however, was the district court called upon to interpret and apply a provision of a contract, and they are, therefore, inapplicable.

Buckley involved an exclusive franchise agreement, but the action itself was deemed an action in equity to recover damages. See Buckley, 48 N.E.2d at 156. The trial court concluded that the defendant violated its obligations under the franchise agreement and proceeded to assess the value of the damages. The Supreme Judicial Court of Massachusetts affirmed the award of compound interest on the judgment dating back to the date of the writ, in part relying on a Massachusetts statute, G.L. ch. 235, § 8, that set the conditions for computing interest on a judgment. See id. at 160. Thus, the award and

-9-

interest was set by the court and did not originate in the terms of the contract, as it does in this case.

In Howes, a contractor sued to recover for labor and materials expended in the alteration and repair of the defendant's house. See Howes, 73 N.E.2d at 834. The defendant challenged an auditor's assessment of the fair value of the contractor's work. Although the trial court agreed with the defendant that the auditor's assessment was unjustified, the court revalued the contractor's work based on the auditor's subsidiary findings and awarded judgment for the plaintiff plus interest compounded as of the date of the filing of the writ. See id. at 835. Relying on Buckley, the Supreme Judicial Court affirmed the order for compound interest paid on the court's judgment to the plaintiff. Again, the court's issuance of a one-time award plus interest stands in sharp contrast to the enforcement of the deficit loan provision and its stipulated interest rate.

In summary, whether the district court was accounting for equitable considerations or was interpreting the terms of the deficit loan provision, it erred as a matter of law in awarding compound interest.

## CONCLUSION

Because there is no authority to depart from the general rule that compound interest shall not be allowed unless expressly stated in the agreement, and because it is undisputed that the partnership

agreement does not provide for compound interest, we conclude that the award of compound interest in this case was improper.  The district court's judgment is **reversed** and **remanded** for proceedings consistent with this opinion.  Costs against the appellee.