ANN E. BRIGGS *vs.* F. H. RICE & another.

Suffolk.    March 16. — Dec. 14, 1880.    AMES & LORD, JJ., absent.

A. borrowed $300 of B , and, as collateral security, transferred and delivered to him a note and mortgage for $1500. The assignment of the mortgage was absolute in form, and recited the consideration to be $300. B. transferred the note, before it came due, and assigned the mortgage to C. as collateral security for a loan of $1200. *Held,* on a bill in equity brought by A. against B. and C. to redeem the note and mortgage, that the recital of the consideration in the assignment of the mortgage to B. was not alone sufficient to put C. on inquiry, or to prove fraud on his part; and that A. could redeem only on payment of the amount for which C. held the note and mortgage as collateral security.

COLT, J.    The plaintiff transferred and delivered a note and mortgage for $1500 to the defendant Rice, to hold as collateral security for the payment of $300 borrowed by the plaintiff of him.   The assignment of the mortgage to Rice was absolute in form, and recited that the consideration for the same was $300. Before the mortgage note became due, Rice transferred it to the defendant Gooding, as security for $1200 borrowed of the latter by Rice, and at the same time assigned the mortgage to him. The plaintiff now brings this bill in equity to redeem these securities from Gooding by paying the amount she borrowed of Rice.   But Gooding has the right to hold both note and mortgage as security for his claim against Rice, unless it is shown that he is not a holder in good faith without notice.

The plaintiff, to charge Gooding with notice, relies solely on the fact that an inadequate consideration of $300 is recited in the assignment of the mortgage from her to Rice.   She contends that this alone is sufficient to indicate that Rice did not take the note for its full value, and to put Gooding on his inquiry; and that, by reason of the constructive notice thus afforded, he is subject to all the equities existing between her and Rice.

It is not easy to state by rule what constitutes in equity implied or constructive notice, because it depends in most cases upon a great variety of circumstances having a tendency to excite suspicion, or showing fraudulent purpose.   The general rule is, that whatever puts a party upon inquiry amounts to notice, provided the inquiry as in the case of a purchaser is a duty, and would lead to a knowledge of the fact.   It is left to be decided

in each case what is sufficient to put a party on inquiry. In the present case, the fact relied on is clearly not sufficient. The defendant became holder of this note for a valuable consideration before its maturity. He had no actual notice of any equities which would defeat his right to recover an amount sufficient to secure the payment of the debt for which it was pledged. As owner of the mortgage note, he was in fact entitled in equity, without any assignment, to claim the benefit of the mortgage security. The mortgage in this case, however, was assigned to him by one who had a perfect record title. It is well settled that the consideration expressed in a deed is not conclusive, and it is always open to show what the real consideration was, and that it was more or less than the amount named. *Bullard* v. *Briggs*, 7 Pick. 533. The recital of an inadequate consideration in the assignment under which Rice, the assignor of Gooding, claimed, if brought to the knowledge of the latter, might be competent as one circumstance in connection with other evidence to charge him with gross negligence or a fraudulent purpose, but it is not alone sufficient to put him on inquiry or prove fraud on his part. It is not easy to see in it anything calculated even to arouse suspicion. It is consistent with the fact that the amount of $300 was agreed on by the parties as the fair value of the mortgaged property, or that it was fairly bought for that sum by Rice. It does not necessarily imply any defect or qualification of the apparent title in him. It certainly cannot be treated as actual notice that the note was subject to some unknown equity, the nature of which it was the duty of the defendant to ascertain at his peril. As a prudent man taking a note not yet due, it was sufficient for him to know that the assignment transferred to him a good title to the mortgage security. It is not enough that an over prudent and cautious person, if his attention had been called to the circumstance in question, would have been likely to seek an explanation of it. There must be some clear neglect to inquire, after actual notice that the title is in some way defective, or some fraudulent and wilful .blindness, as distinguished from mere want of caution. *Jones* v. *Smith*, 1 Hare, 43, 55, and 1 Phillips, 244. *Ware* v. *Lord Egmont*, 4 DeG., Macn. & G. 460 *Dexter* v. *Harris*, 2 Mason, 531. *Buttrick* v. *Holden*, 13 Met. 355. *Jackson* v. *Van Valkenburgh*, 8 Cowen, 260.

The plaintiff is entitled to redeem the note and mortgage in question, only on payment of the debt for which Gooding holds them as collateral security.

*Decree for the plaintiff accordingly.*

*C. Wheeler*, for the plaintiff.

*A. Eastman*, for Gooding.