MARTIN W. FORD *vs.* WILLIAM L. DAVIS & others.

Suffolk. January 29, 1897. — February 27, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, & KNOWLTON, JJ.

*Mortgage — Contemporaneous Agreement — Equity.*

At the same time with the making of a mortgage of land conditioned for the payment of $2,200 and interest, an agreement under seal was executed by the mortgagor and mortgagee, by which, after referring to the mortgage, the former agreed to finish a house on the mortgaged land, the latter agreed to furnish the material, and the former covenanted to pay the cost of the material and $1,100 for the land; and it was then provided that the cost of the estate and the cost of the material, " whether more or less than said twenty-two hundred dollars

shall be received in payment of said note and in discharge of said mortgage."
*Held,* that the mortgagor was entitled to redeem the premises from the mortgage on paying the sum mentioned therein, although the sum due under the agreement was much larger.

BILL IN EQUITY, filed in the Superior Court, on August 31, 1891, against William L. Davis, Alice H. Davis, his wife, and Malcolm McLoud, to redeem certain premises in Chelsea from a mortgage given by the plaintiff to the female defendant and held by the defendant McLoud under an assignment. At the hearing, a decree was ordered for the plaintiff; and the defendants appealed to this court. The material facts appear in the opinion.

*C. W. Bartlett & E. R. Anderson,* for the defendants.

*G. D. Williams,* for the plaintiff.

HOLMES, J. This is a bill to redeem a mortgage conditioned for the payment of the sum of twenty-two hundred dollars and interest. At the same time with the making of the mortgage an agreement under seal was made by the mortgagor and the mortgagee and her husband, by which, after referring to the mortgage, the former agreed to finish a house upon the mortgaged land, the latter agreed to furnish the material, the mortgagor covenanted to pay the cost of the material and eleven hundred dollars for the land, and it was then provided that the cost of the estate and the cost of the material, "whether more or less than said twenty-two hundred dollars, shall be received in payment of said note and in discharge of said mortgage." The sum due under this agreement is over four thousand dollars, and the holder of the mortgage, who is an assignee standing in the shoes of the mortgagee, contends that the plaintiff is entitled to redeem only on paying the whole amount. The plaintiff claims the right to redeem on paying the sum mentioned in the mortgage. The case was sent to a master, and the Superior Court entered a decree in accordance with the plaintiff's view. The defendants appealed.

If the agreement purported to enlarge the amount of the mortgage, the question would have to be decided whether the express stipulation in the mortgage that it should be void on paying a certain sum could be contradicted by a contemporaneous agreement. *Flynn v. Bourneuf,* 143 Mass. 277. And that question would not be disposed of by the cases which decide

that, where there is made a later contract that the mortgage shall stand as security for a further sum, a party coming into equity to obtain a discharge or to redeem must do equity and pay the whole as a condition of relief. *Joslyn* v. *Wyman*, 5 Allen, 62. *Stone* v. *Lane*, 10 Allen, 74. But the agreement does not contradict the mortgage in the event which has happened. It simply stipulates for the payment of a sum which may be, and which has turned out to be, larger than the mortgage, and provides that when that sum is paid it shall be a payment of the mortgage. Probably it is true, as both parties state in their arguments, that the mortgage was given to secure future advances. The agreement identifies the advances the repayment of which will satisfy the mortgage, but does not affect or purport to affect the extent of the security.

*Decree affirmed.*