JOHN EVERETT *vs.* EDWARD GATELY.

Norfolk.   December 4, 1902. — June 17, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Mortgage.   Equity Jurisdiction.*

A purchaser of a tract of land, subject to a mortgage of which he had notice, cannot maintain a bill in equity to restrain the foreclosure of the mortgage by an assignee for full value, if it appears, that before the assignment a third person paid to the mortgagee the amount of the principal and interest due on the mortgage with the agreement that the payments should not be indorsed on the note and mortgage and that the mortgage should be kept alive to secure the third person for the payments thus made by him for the benefit of the mortgagor, and that the assignment was made in order that the third person might be repaid his advances.

BILL IN EQUITY, filed May 15, 1901, to restrain the foreclosure of a mortgage alleged to have been paid in full.

The Superior Court made a decree overruling exceptions to a master's report, confirming the report and ordering that the bill be dismissed.   The plaintiff appealed.

The case was submitted on briefs at the sitting of the court in December, 1902, and afterwards was submitted on briefs to all the justices.

*T. E. Grover,* for the plaintiff.

*T. F. Reddy & J. D. Graham,* for the defendant.

MORTON, J.   The plaintiff is the owner of a certain tract of land in Hyde Park which formerly belonged to one Brock. Brock conveyed it to the plaintiff by a quitclaim deed covenanting that the premises " are free from all incumbrances made or

suffered by me except one now on record in Norfolk Registry of Deeds." The master, to whom the case was sent, found that the incumbrance thus referred to was a mortgage from Brock to one Emily H. Swift, which with the note was subsequently assigned and transferred by her to the defendant, and is now held by him. The bill alleges that the mortgage has been fully paid, but that the defendant is attempting to foreclose the same, and seeks to restrain the foreclosure and to compel a discharge. The master's report was in favor of the defendant. The plaintiff filed various exceptions to it, which were overruled, and the report was confirmed, and a decree entered dismissing the bill with costs. The plaintiff appealed.

The mortgage was for $1,533, and bore date April 20, 1899, and was payable in two months. It was assigned October 21, 1899, to the defendant, who paid $1,533 for it. Neither the mortgage nor any part of it was paid when due. But, prior to the assignment, the mortgagee had received on the mortgage an amount equal to the principal and interest. The last payment was made October 21, 1899, the same day on which the mortgage was assigned to the defendant, and purported to be payment in full with interest on the mortgage, and to be received as did all the others from the mortgagor. The payments, with a single exception, were in fact made, as the master has found, by one Clapp, and with money belonging to him : — he acting as the " duly authorized agent of Brock for all purposes for which he acted in this matter." The master has also found that Clapp knew when he made the payments that the mortgage was to be assigned to the defendant, and that the payments made were not indorsed on the note and mortgage, and were not so indorsed because Clapp told the defendant's husband who acted as her agent when he made them that " he wanted the mortgage kept alive."

The facts with regard to the relations between Clapp and Brock, and the circumstances under which Clapp made the payments for Brock are not stated with so much fulness or exactness as they might be. But it is expressly found that the money that was paid was Clapp's money and that he wanted the mortgage kept alive and the mortgagee assented. And the fair inference is that the mortgage was kept alive for Clapp's benefit,

with Brock's authority as security for the money which he had advanced or lent to Brock, and that when it was assigned it was assigned for the purpose of enabling him to realize the amount of his advances. Under such circumstances the payments did not operate as a satisfaction and discharge of the mortgage. *Watkins* v. *Hill*, 8 Pick. 522. *Howe* v. *Lewis*, 14 Pick. 329. *Pomroy* v. *Rice*, 16 Pick. 22. *Swett* v. *Sherman*, 109 Mass. 231, 233. Further, what was conveyed to the plaintiff was an equity of redemption. *Strong* v. *Converse*, 8 Allen, 557. *Drury* v. *Tremont Improvement Co.* 13 Allen, 168. *Howard* v. *Chase*, 104 Mass. 249. *Brown* v. *South Boston Savings Bank*, 148 Mass. 300. *Ayer* v. *Philadelphia & Boston Face Brick Co.* 157 Mass. 57, 58. The deed under which the plaintiff took was a quitclaim deed. It recited that the premises were subject to an incumbrance which the master has found was this mortgage. The plaintiff had, therefore, full notice, if that is material, of the incumbrance which he now seeks to avoid. The defendant has paid full value for the mortgage and note, and is entitled to hold it against the plaintiff.

The ruling of the master in regard to the request of the plaintiff that he should report the evidence was right.

The exceptions to the master's report were rightly overruled.

*Decree affirmed.*