JOHN R. WHITNEY & another, trustees, & another, *vs.*
METALLIC WINDOW SCREEN MANUFACTURING
COMPANY & others.

Suffolk.    December 9, 1904. — March 4, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Mortgage*, Of real estate, redemption. *Equity Jurisdiction*, To redeem from mortgage.

The rule, that in equity a mortgagor of land cannot redeem by paying the original debt if by an oral agreement between the mortgagor and mortgagee the mortgage is to cover an additional advance of money made by the mortgagee, does not apply to a bill to redeem by an attaching creditor of the mortgagor who had no notice of the oral agreement.

LATHROP, J.    This is a bill in equity, filed in the Superior Court on April 18, 1900, by the trustees under the will of Asa Whitney, against the Metallic Window Screen Manufacturing Company and the administrators of the estate of John J. Merrill, to redeem a parcel of land in ˙Winchester from a mortgage. After an answer and a replication had been filed the case was sent to a master, who made certain findings of fact and rulings of law. Exceptions were filed by the defendants, which were heard and overruled by a judge of the Superior Court, who entered a decree dated April 30, 1904, that the plaintiffs were

entitled to redeem by paying to the administrators of the estate of Merrill the sum of $1,566.14, with interest from January 1, 1899, at the rate of five per cent per annum ; and that on payment the first named defendant should at once surrender possession of the premises.    The administrators of the estate of John J. Merrill appealed.

It appears from the master's report that on January 20, 1893, the mortgage in question was executed by Frederick O. Snow to the Medford Savings Bank for $4,000, payable in three years from date, with interest at the rate of five per cent per annum during the term and for such further time as the principal sum or any part thereof should remain unpaid.    Subsequently in the same year, the mill on the mortgaged premises and a house were burned, and after this, on October 25, 1893, the mortgagee assigned the mortgage, for the consideration of $4,000 and $52.78, interest, to one Kendall.

On March 20, 1895, $2,767.20 was received from insurance companies on account of the loss by fire of the mill and house, and paid to Kendall on account of the mortgage and in partial payment thereof.

On April 9, 1895, Snow conveyed the real estate, subject to the mortgage, to the first named defendant.

In January, 1896, Kendall assigned the mortgage to John J. Merrill, " in consideration of the balance of the mortgage due," and the sum of $1,699 was paid to Kendall for such an assignment.

On January 20, 1898, Merrill made a release of a part of the mortgaged premises to the first named defendant, which conveyed the part so released to the Boston and Lowell Railroad Company.

On January 29, 1898, Snow was paid by the Boston and Lowell Railroad Company the sum of $1,360, but no part of this sum was applied in reduction of the principal of the mortgage.

On March 28, 1899, the plaintiffs attached the unreleased property in an action against the first named defendant, and recovered judgment in the sum of $2,442.23.    Execution issued therefor, on which $21.91 was paid in part satisfaction.    On March 20, 1900, the right, title and interest which the first

named defendant had on March 28, 1899, was taken on execution and later was sold to Arthur E. Whitney, who was acting in behalf of the plaintiffs, and subsequently he was made a party plaintiff.

The principal contention of the defendants before the master was that Merrill, before the attachment of the plaintiffs, advanced $1,338, at the request of the first named defendant, to build a factory on the premises covered by the original mortgage, under an agreement made by Merrill and Snow acting for the first named defendant, that the money so advanced by Merrill should be covered by the security of the original $4,000 mortgage, and that the plaintiffs should pay $1,338, with interest, in addition to the balance remaining due and unpaid on the original mortgage.

On this the master found that after the mill and the house were burned, and while Merrill held the mortgage, and before the attachment of the plaintiffs, he, Merrill, advanced certain sums of money which were used in building a factory on the premises covered by the mortgage; that that transaction was a loan by Merrill to Snow, the president of the first named defendant.

The master further found that the first named defendant did not make, or duly authorize any person in its behalf to make, any specific or definite agreement with Merrill, whereby Merrill should advance or lend any sum of money to be used in erecting a new factory, or for any purpose, on the land covered by the mortgage; that if there was any agreement to that effect it was not in writing; that Arthur E. Whitney did not know, nor was there any evidence that the trustees knew, of any such specific or definite agreement or arrangement, or of any agreement whatever, between Merrill and Snow.

The defendants filed numerous exceptions to these findings of the master and to his not finding in their favor, and the master has reported the evidence in relation thereto. We do not deem it necessary to discuss these exceptions in detail, because it is obvious that even if an agreement was made between Merrill and Snow as contended for, and that Snow acted for the first named defendant, this cannot bind the plaintiffs unless they or their agent, Arthur E. Whitney, knew of such agreement; and

the exceptions as to the other findings of the master become immaterial.

The principle of law on which the defendants rely is that a court of equity will not aid a mortgagor to redeem a mortgage, although the mortgage has been paid, if the parties have agreed that the mortgage shall remain as security for a new consideration. *Joslyn* v. *Wyman,* 5 Allen, 62. See also *Stone* v. *Lane,* 10 Allen, 74; *Upton* v. *South Reading National Bank,* 120 Mass. 153; *Ford* v. *Davis,* 168 Mass. 116. The rule of *Joslyn* v. *Wyman* has been applied to the case of a second mortgagee seeking to redeem, who, when he receives his mortgage, has knowledge of the facts relating to the first mortgage. *Taft* v. *Stoddard,* 142 Mass. 545. This rule has, however, no application to a subsequent mortgagee or to an attaching creditor, or to a *bona fide* purchaser. Per Dewey, J. in *Joslyn* v. *Wyman, ubi supra.* This is certainly so if such a one has no knowledge of the facts respecting the first mortgage. The rule does not apply where there is no agreement but merely an indefinite understanding. *Brooks* v. *Brooks,* 169 Mass. 38. See also *Douglas* v. *Stetson,* 159 Mass. 428, and *Nourse* v. *Jennings,* 180 Mass. 592, for other cases where the rule has been held not to be applicable.

An attaching creditor stands in the position of a purchaser for value. *Priest* v. *Rice,* 1 Pick. 164. *Coffin* v. *Ray,* 1 Met. 212. *Woodward* v. *Sartwell,* 129 Mass. 210, 212.

There is nothing in the evidence in this case to show that the trustees had any knowledge of the agreement, nor that Arthur E. Whitney had. It appears from his testimony that he had heard that there was a four thousand dollar mortgage; but this is immaterial. He was not put upon inquiry to ascertain how much was due on this mortgage beyond what the records disclosed. The records showed that the mortgage had been reduced, for the assignment from Kendall to Merrill was " in consideration of the balance due."

As attaching creditors the plaintiffs had a right to redeem, and they cannot be said to have had notice from the records of an unknown equity which was not disclosed on the records. *Briggs* v. *Rice,* 130 Mass. 50.

The final decree of the Superior Court must be affirmed, the

sixty days within which the plaintiffs may redeem to be reckoned from the day of the filing of the rescript of this court in the Superior Court, and interest on the sum to be paid to be reckoned up to the time of payment.

*So ordered.*

*M. H. Browne,* (*J. M. Browne* with him,) for the administrators of the estate of John J. Merrill.

*C. F. Jenney & S. Robinson,* for the plaintiffs, were not called upon.