MARY L. RYDER *vs.* BROCKTON SAVINGS BANK & another.

Plymouth. November 18, 1920. — March 4, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, & PIERCE, JJ.

*Equity Pleading and Practice,* Parties, Appeal, Decree. *Subrogation. Husband and Wife. Dower. Mortgage,* Of real estate.

Upon a report by a single justice of the Supreme Judicial Court to the full court of a suit in equity by a woman against a bank and an individual, it appeared that the plaintiff's husband had given to the bank real estate mortgages in which she had joined for release of dower, homestead and rights given her by statute and which were security for the payment of notes signed by both the plaintiff and her husband, and that he also had given to the individual defendant a junior mortgage of the same real estate, in which she had not joined and which the mortgagee had foreclosed by sale under its terms, outbidding the plaintiff and buying at the sale, all the transactions of the individual defendant being actuated by a desire to get the property for himself. A rescript was issued directing that a decree for redemption was "to be entered as to the mortgages held by the bank, the terms and conditions of which are to be set-

tled by a single justice but as to the . . . [individual defendant] the bill is to be dismissed without costs." Thereafter, the bank refusing to assign its mortgages to the plaintiff upon payment of the amounts due thereon or to consent to a decree to that effect, the plaintiff was permitted to amend her bill by setting out that fact and also that she had signed the notes given to the bank by her husband without consideration and in no other capacity than that of surety and that she would be unable to redeem the bank's mortgages unless she could have an assignment of the mortgages to use as security. The individual defendant demurred and answered and, after a hearing, a final decree was entered, without a report of findings or evidence, directing redemption from the bank's notes and mortgages and ordering that thereafter the plaintiff should hold title to them "as if she were an assignee in due course with all the rights of enforcement and transfer and all other rights that the original holder, the defendant bank, has." The individual defendant alone appealed. *Held,* that

(1) *It seems* that, if the bank had appealed, it would have been necessary to consider the plaintiff's right to subrogation, and this court would have assumed that the single justice had found as a basis for the final decree that the plaintiff had signed the notes for the accommodation of and as surety for the principal debtor, her husband;

(2) The individual defendant was not entitled to speak for the bank or to interpose objections which only the bank could raise;

(3) The decree created no new incumbrances and worked no injustice to the legal or equitable rights of the individual defendant;

(4) The decree should be affirmed.

BILL IN EQUITY against the Brockton Savings Bank and one Merton F. Ellis, filed in the Supreme Judicial Court on November 10, 1919, and amended after rescript following the decision reported in 235 Mass. 476,* by alleging that the bank, to secure notes signed by both the plaintiff's husband and the plaintiff, had received mortgages from the plaintiff's husband, that the plaintiff had joined therein to release dower and homestead rights and other rights by statute, and that redemption thereof on terms to be determined by a single justice had been ordered by the rescript; that the bank refused to make a legal assignment to the plaintiff of the mortgages upon the plaintiff paying to it the amount due thereon and costs and also objected to the entry of a final decree directing it to assign the mortgages to the plaintiff; that the defendant Ellis objected to the entry of any decree directing the bank so to assign the mortgages or to any decree that would give the mortgages in the hands of the plaintiff any status

---

* This rescript read as follows: "A decree for redemption is to be entered as to the mortgages held by the bank, the terms and conditions of which are to be settled by a single justice but as to the respondent Ellis the bill is to be dismissed without costs."

other than that of total discharge and cancellation of the debt; that the plaintiff did not receive any consideration from the defendant bank or from her husband for signing any of the notes or releasing her dower right, did not execute any of the notes as the principal debtor or in any capacity other than that of surety in the same manner in which she had released her dower in the mortgages securing said notes; that she had no money or property of any kind upon which to obtain the necessary money to redeem the mortgage held by the defendant bank, and that, in order to procure the funds necessary to redeem, it was necessary for her to have the mortgages either legally available or available through adjudication in equity as security with power to transfer or assign good title to another. The prayers of the bill as amended were that, upon payment by the plaintiff to the defendant bank of the principal, accrued interest and costs of foreclosure of the mortgages, the plaintiff be subrogated to the security of the mortgages and to all the rights the defendant bank had in, to and under the mortgage securities and that the plaintiff be decreed the right and power to transfer a good title to the mortgages to others including all the rights and powers that the defendant bank had in, to and under the mortgages and mortgage securities, and "for such other and further relief as may be necessary for the plaintiff to prevent the extinguishment of her inchoate right of dower by reason of her executing the mortgages."

The defendant Ellis demurred to the bill as amended on the following grounds:

"1. That the plaintiff cannot set up the fact that she received no consideration for signing the notes . . . as co-maker with her husband . . . and especially that she cannot set this up as against defendant Merton F. Ellis, a *bona fide* purchaser by virtue of his second mortgage on said premises.

"2. That it is immaterial whether or not said plaintiff has sufficient funds of her own to redeem said Brockton Savings Bank mortgages and that her rights in said property cannot be increased owing to this alleged fact, provided the same were true.

"3. That, according to the opinion rendered by the full court in the above entitled case, a decree for redemption as to the mortgages held by the bank, the terms and conditions of which are to be settled by a single justice, precludes the single justice from

extending the rights of Mary L. Ryder, the plaintiff, beyond a redemption and that the question of subrogation is a matter to be settled in a different cause of action.

"4. Said defendant Ellis says that the plaintiff has no right in law or in equity to amend her bill of complaint at said stage of the proceedings."

The demurrer was heard by *Braley*, J., and was overruled.

The defendants then answered. The defendant Ellis's answer in substance specifically traversed the material allegations contained in the amendment to the bill. A material allegation in the answer of the bank was that application had been made to it by both the plaintiff and the defendant Ellis to assign its three mortgages to them, that the bank during this controversy had refused to assist either party by assigning the mortgages but had "left all parties to the controversy on their legal rights;" that the defendant bank also has "declined to go on record in this cause as assenting to a decree ordering" it "to assign its mortgages to the plaintiff for the reason that said assent would be equivalent to a voluntary assignment, which the defendant bank does not feel it should do to either party."

The suit then was heard further by *Braley*, J., by whose order a final decree was entered, without a report of evidence or findings, dismissing the bill as to the defendant Ellis without costs, and decreeing "that as to the defendant bank the plaintiff is entitled to redeem from all the mortgages held by said bank as disclosed by the record," adjudicating the amount due by the provisions of the mortgage, and ordering "that if the plaintiff within fifty days from the date of entry of this decree tenders to said bank all of said sums and interest together with any interest which may accrue . . . to the date of the tender to the defendant bank together with the costs of suit of said bank taxed in the sum of $446.45, said bank is to deliver to said plaintiff the said mortgages and the notes thereby secured; and it is further adjudged and decreed that thereafter the said plaintiff shall hold title to said mortgages and said notes as if she were an assignee in due course with all the rights of enforcement and transfer and all other rights that the original holder, the defendant bank, has. But in default of the payment of said sums hereinbefore stated with interest thereon and costs of suit, on or before the said time

of payment as aforesaid, it is ordered and decreed that said bill shall stand dismissed out of this court and that no person claiming from or under said original plaintiff shall have any further claim or right to redeem said premises from the force and effect of said mortgages as set forth in the plaintiff's bill."

The defendant Ellis alone appealed.

*C. G. Willard,* (*A. F. Barker* with him,) for the defendant Ellis.

*M. H. Sullivan,* for the plaintiff.

DE COURCY, J. This case has been before the court, and the facts set forth in 235 Mass. 476, need not be repeated at length. The plaintiff's husband executed three mortgages of his real estate in Brockton to the defendant bank, the plaintiff joining therein in release of dower. Subsequently the plaintiff and her husband became estranged, and on July 11, 1917, he gave a mortgage of the same premises to the defendant Ellis, in which she did not join. Ellis entered and took possession on December 22, 1917. His purpose, as found by the master, "was not to obtain the amount due him under his mortgage but to gain possession of the property as a step toward ultimately becoming its absolute owner." In January, 1918, he foreclosed his mortgage and bought in the property, subject to the bank mortgages. Later he urged the bank to foreclose its mortgages, and foreclosure proceedings had been begun, when this bill in equity was filed. By the rescript a decree for redemption was ordered as to the mortgages held by the bank, and a dismissal of the bill as to the defendant Ellis. Later an amendment to the bill was allowed, alleging that the bank refused to assign the mortgages, and asking that Mrs. Ryder be subrogated to the rights of the bank in the mortgage securities on payment of the amount due thereon. The single justice who heard the case on the amended pleadings entered a final decree, dismissing the bill as to the defendant Ellis, and ordering the defendant bank, on tender of the amount of its debt and expenses "to deliver to said plaintiff the said mortgages and the notes thereby secured." It was further decreed "that thereafter the said plaintiff shall hold title to said mortgages and said notes as if she were an assignee in due course with all the rights of enforcement and transfer and all other rights that the original holder, the defendant bank, has."

The defendant bank apparently has no objection to this decree,

and did not appeal from it. The defendant Ellis has appealed, notwithstanding the fact that the bill was dismissed as to him. He has argued before us that Mrs. Ryder cannot be subrogated to the rights of the bank because her name appears on some of the notes as joint maker. If the bank had appealed from the decree, it would be necessary to consider the plaintiff's right to subrogation; in which event we should assume that the single justice found she signed the notes for the accommodation of, and as surety for, the principal debtor. See *New Bedford Institution for Savings* v. *Hathaway*, 134 Mass. 69; *Fitcher* v. *Griffiths*, 216 Mass. 174; *Jennings* v. *Wall*, 217 Mass. 278; *Hamilton* v. *Dobbs*, 19 C. E. Green, 227; *Arnold* v. *Green*, 116 N. Y. 566; *Bayles* v. *Husted*, 40 Hun, 376. But the defendant Ellis is not entitled to speak for the bank, or to interpose objections which only the bank could raise. He took his mortgage, and later his foreclosure deed, subject to the bank mortgages. He could have redeemed the property from those incumbrances by paying the debt secured thereby; but he could not prevent the bank from assigning the mortgages to Mrs. Ryder, if it was willing to do so. As the bank in fact refused to do this on tender of payment by the plaintiff, the only way in which such payment can be secured and her dower rights be protected is by subrogation of the mortgage securities. The decree which was entered does not injure any rights of Ellis. The mortgages are the same ones subject to which he acquired and holds his title. His right to pay them off is unimpaired. The decree does not create any new incumbrances or work any injustice to his legal or equitable rights. *Everett* v. *Gately*, 183 Mass. 503. Cases like *Rand* v. *Cutler*, 155 Mass. 451, where the effect of subrogation would be to impair the intervening rights of a party, are not in point.

*Decree affirmed with costs.*