MERTON F. ELLIS *vs.* JOHN J. SULLIVAN & another.

Plymouth. November 18, 1921. — March 6, 1922.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Mortgage,* Of real estate: redemption. *Contract,* Modification. *Interest. Subrogation.*

One who, by purchase at a sale in foreclosure of a junior mortgage upon certain real estate, has become the owner of the right to redeem from the senior mortgage and then has agreed with the mortgagee named in the senior mortgage to pay an increased rate of interest, cannot redeem from the senior mortgage thereafter except upon payment of interest at the increased rate, even after the mortgage has been assigned to a third party by the mortgagee.

A mere notification by the holder of a mortgage that the rate of interest upon the mortgage debt would be increased is not sufficient, in the absence of an assent to the increase on the part of the owner of the equity of redemption, to require payment of interest at the increased rate as a condition precedent to redemption from the mortgage.

If the wife of one who had mortgaged his real estate without her releasing her inchoate right of dower, in order to protect her right to redeem from a prior mortgage upon the real estate by getting possession of that mortgage, is required by a decree of court to pay both the principal of the mortgage debt and also interest thereon which had been permitted to remain unpaid by a purchaser of the husband's right of redemption at a sale in foreclosure of the junior mortgage, it is proper in a suit in equity, brought by such purchaser in foreclosure

of the junior mortgage to redeem the real estate from the prior mortgage after the wife had assigned the prior mortgage to a third person, to require as a condition precedent to redemption a payment not only of principal and simple interest, but also of interest on the interest thus permitted by the plaintiff to remain unpaid and required to be paid by the wife.

The purchaser of a husband's right of redemption at a sale in foreclosure of a junior mortgage of real estate in which the mortgagor's wife did not release her inchoate right of dower, is entitled, in a suit by him to redeem from a prior mortgage upon the premises, only to a decree discharging that mortgage upon payment of the principal and proper interest charges and expenses, and is not entitled to an assignment of the mortgage, because that would give him a right superior to the wife's inchoate right of dower.

Section 4 of G. L. c. 189 is not pertinent to the question involved in the suit above described.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Plymouth on June 6, 1921, against John J. Sullivan and Mary L. Ryder, for redemption from three mortgages owned by the defendant Sullivan upon certain real estate to which the plaintiff held title through purchase at a sale in foreclosure of a mortgage given by the husband of the defendant Ryder which was subject to her inchoate right of dower.

The suit was heard by *De Courcy,* J., upon an agreed statement of facts, material among which, besides those described in the opinion, were the following:

Henry H. Ryder, husband of defendant Mary L. Ryder, previous to July, 1917, had given three mortgages to the Brockton Savings Bank amounting in all to $33,500, on a valuable piece of property on Main Street, in the business district of Brockton. His wife released her dower in all three mortgages. In July, 1917, Ryder gave a fourth mortgage to the plaintiff for $5,000 in which his wife did not join in release of her dower and other rights. The plaintiff foreclosed his mortgage in January, 1918, and purchased the property himself at the foreclosure sale. The Brockton Savings Bank advertised a foreclosure sale under the three mortgages held by it for November 14, 1919. Thereupon the defendant Mrs. Ryder brought a bill in equity in the Supreme Judicial Court praying that the Brockton Savings Bank be enjoined from holding the sale and that she might be permitted to redeem the property from the bank's mortgages.

That suit twice was before this court, and decisions are reported in 235 Mass. 476 and in 238 Mass. 52. The first decision gave

Mrs. Ryder the right to redeem from the bank's mortgages and the second gave her upon redemption the right to be subrogated to the security of the mortgages from which she redeemed. In pursuance of these two decisions Mrs. Ryder on May 25, 1921, redeemed the property from the bank's mortgages by borrowing the money from the defendant Sullivan, to whom she immediately assigned the three mortgages. The plaintiff thereupon offered to pay the defendant Sullivan the amount of the mortgages, providing he be given an assignment of the mortgages. The defendant Sullivan refused to assign the mortgages, but offered to give discharges of the mortgages upon receipt of the amount Mrs. Ryder had paid to redeem. The plaintiff refused, whereupon the defendant Sullivan entered upon the premises for the purpose of foreclosing the mortgages. The plaintiff then brought this bill.

By order of the single justice, a final decree was entered dismissing the bill as to Mrs. Ryder and permitting the plaintiff to redeem upon payment to the defendant Sullivan of $38,156.75, with interest at six per cent from July 1, 1921, upon which payment the mortgages should be discharged and the debts secured thereby cancelled. The plaintiff appealed.

G. L. c. 189, § 4, referred to in the opinion, reads as follows: "If, upon a mortgage made by a husband, his wife has released her right of dower, or if a husband is seized of land subject to a mortgage which is valid and effectual as against his wife, she shall nevertheless be entitled to dower in the land mortgaged as against every person except the mortgagee and those claiming under him. If the heir or other person who claims under the husband redeems the mortgage, the widow shall either repay such part of the money which was paid by the person so redeeming as shall be equal to the proportion which her interest in the land mortgaged bears to the whole value thereof, or at her election, she shall be entitled to dower according to the value of the estate after deducting the money paid for redemption."

*C. G. Willard,* for the plaintiff.

*M. H. Sullivan,* for the defendants.

JENNEY, J. After the decision in *Ryder* v. *Brockton Savings Bank,* 238 Mass. 52, Mary L. Ryder, in accordance with the terms of the decree affirmed in that case, on May 25, 1921 re-

deemed three mortgages given by her husband, Henry H. Ryder, to that bank. She thereupon held title to said notes and mortgages "as if she were an assignee in due course with all the rights of enforcement and transfer and all other rights that the original holder" had. Immediately after redemption, Mrs. Ryder assigned the mortgages to John J. Sullivan who now owns them.

In the present suit Merton F. Ellis, who is the owner of the equity of redemption in the premises described in said mortgages, seeks an accounting and a decree entitling him to redeem. John J. Sullivan, hereinafter called the defendant, and Mary L. Ryder were named as defendants, but the bill has been dismissed as to Mrs. Ryder and no question is made as to the propriety of that action. The final decree authorized redemption as against Sullivan and the case is here upon the appeal of Ellis who complains that there is error in the computation of the amounts to be paid and in the determination of the rights secured to him upon redemption.

The plaintiff contends that there was error because in order to redeem he must pay interest at the rate of six per cent per annum upon the principal sum secured by the mortgages, instead of the lower rates written in the notes and mortgages. On March 1, 1918, the plaintiff was the owner of the equity of redemption in the premises described in these mortgages and on that date it is conceded that the interest was "increased by agreement of parties" to six per cent per annum. On the record it must be assumed that this agreement was made by the plaintiff and the Brockton Savings Bank, and that it was definite and valid. The plaintiff was not entitled to redeem, except upon compliance therewith. The agreement related to the mortgages, the rate of interest being incidental thereto, and the defendant is entitled to its benefit. A court of equity will not aid one who owns property subject to a mortgage to redeem, except upon compliance with his binding agreement upon which the mortgage thereafter has been held as security for an amount different from that for which it originally was written. *Joslyn* v. *Wyman*, 5 Allen, 62. *Whitney* v. *Metallic Window Screen Manuf. Co.* 187 Mass. 557, 560. The plaintiff, if he desires to redeem, must pay the interest required by his agreement and which, it may be noted, was in fact paid by Mrs. Ryder to the savings bank.

The defendant on May 26, 1921, notified the plaintiff that thereafter interest would be charged on said mortgages at the rate of seven and one half per cent per annum, but the plaintiff refused to pay the increase. His refusal was justified. The amounts payable could not be increased except by agreement of the parties standing in the position of mortgagor and mortgagee. From an analysis of the amount fixed by the decree, it appears that it provided for the payment of interest at seven and one half per cent per annum, from May 25, 1921 to July 1, 1921. Undoubtedly this was by inadvertence, as the interest payable after July 1, 1921, was fixed at six per cent. The decree must be modified accordingly.

Under the decree the plaintiff, in order to redeem, must pay interest not only on the principal sums secured by the mortgages, but after May 25, 1921, simple interest on the overdue interest paid to the Brockton Savings Bank. It has long been settled that interest on interest cannot be recovered, although payment has been demanded, because of "the ancient unwillingness to allow compound interest." *Lewin* v. *Folsom*, 171 Mass. 188, 192. *Tisbury* v. *Vineyard Haven Water Co.* 193 Mass. 196. While this is the general rule, it is not always followed. In equity interest may be compounded and in the discretion of the court may be allowed where it is necessary for the purpose of affording a just and equitable accounting, particularly where the person charged with its payment is seeking the aid of the court. *Barrell* v. *Joy*, 16 Mass. 221, 227. *Arnold* v. *Maxwell*, 230 Mass. 441. *Goldman* v. *Worcester*, 236 Mass. 319. See *Williams* v. *American Bank*, 4 Met. 317, 319.

In the case at bar the plaintiff became the owner of the equity of redemption on January 18, 1918. Although the property was then subject to the three mortgages, he paid no interest which became due after January 1, 1919. It may well be that this omission was for the purpose of forcing the bank to foreclose and thus impair or destroy Mrs. Ryder's inchoate right of dower. It appears that the bank did institute foreclosure proceedings before Mrs. Ryder brought her bill to redeem. *Ryder* v. *Brockton Savings Bank, supra.* In that case it was held against the objection of the plaintiff that Mrs. Ryder was entitled to redeem as hereinbefore set forth. In order to protect her rights she was obliged

to pay not only the principal, but the interest that had not been paid. In the circumstances it was within the authority of the court to require the plaintiff, if he later wished to redeem, to pay simple interest on the amount paid by Mrs. Ryder to that bank. Such requirement imposes on him only the duty of doing that which equitable considerations enjoin.

The final contention of the plaintiff is that the decree should be reversed because it does not provide that upon redemption the mortgages should be kept alive and held by the plaintiff with the rights of an assignee. The plaintiff is not entitled to the aid of the court to create a right or lien superior to that of Mrs. Ryder. His ownership is now subject to her inchoate dower interest and is subject to an incumbrance created by her husband which she and those claiming under her are not bound to hold or assign for his benefit or in aid of his title. *Ryder* v. *Brockton Savings Bank, supra. Wedge* v. *Moore,* 6 Cush. 8. See *Brown* v. *Lapham,* 3 Cush. 551; *McCabe* v. *Bellows,* 7 Gray, 148; *McCabe* v. *Swap,* 14 Allen, 188.

G. L. c. 189, § 4, upon which the plaintiff relies, is not pertinent to the questions here involved.

The decree must be modified as herein directed and as may be required in order to bring the account down to the date of the affirmance of the decree; and when so modified it is to be affirmed with costs of this appeal, which are to be paid by the plaintiff.

*Decree accordingly.*